UNITED STATES of America, Appellee,

v.

Russell B. MARKS, Appellant.

No. 93–2017.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 14, 1993.

Decided Oct. 27, 1994.

Rehearing and Suggestion for Rehearing
En Banc Denied Dec. 12, 1994.

1010

Thomas A. Sheehan, Kansas City, MO, argued, for appellant.

Cynthia Jean Hyde, U.S. Atty., Springfield, MO, argued, for appellee.

Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.

BOWMAN, Circuit Judge.

Russell Bradley Marks pled guilty to one count of conspiracy to distribute cocaine, a violation of 21 U.S.C. § 846, and one count of conspiracy to launder money, a violation of 18 U.S.C. § 371. He appeals both of the resulting convictions and his mandatory life sentence on the cocaine conviction. We affirm.

I.

Marks argues that the District Court [1] did not properly inform him of the nature of the charges against him, did not establish a factual basis for his plea of guilty under Count 1 (the cocaine conspiracy count), and did not inform him of the possible sentence he faced under that count.

A.

■ We first consider Marks' contention that the trial court failed to inform him of the nature of the charges. Rule 11(c)(1) of the Federal Rules of Criminal Procedure re-

quires that the court must "inform the defendant of, and determine that the defendant understands ... the nature of the charge to which the plea is offered...." Here the District Court addressed Marks and discussed the charges, but did not fully recite them. In determining whether the defendant understood the nature of the charges, it is necessary to "examine the totality of the circumstances. We examine whether the indictment gave him notice of the charge, whether he discussed the charge with his attorney or the judge, and we look at any other facts which are in the record." *United States v. Nieuwsma,* 779 F.2d 1359, 1361 (8th Cir.1985).

■ Count 1 accused the defendant of participation in a conspiracy to distribute cocaine. Marks had received notice of this charge in the indictment, testified under oath that he had counseled extensively with his attorney [2] concerning the charge, and agreed that he understood its nature. *See* Plea Hearing Tr. at 7. Marks' attorney similarly stated that defendant was aware of the meaning of the charge. *Id.* at 7–8. The District Court summarized conspiracy to distribute in simple language before engaging in a discussion with Marks to establish a factual basis for his plea. *Id.* at 11. When a defendant indicates "at the plea hearing that he had read the indictment and understood the charges against him, '[s]uch statements at the plea hearing provide persuasive evidence of an understanding' of the nature of the charges." *United States v. Young,* 927 F.2d 1060, 1064 (8th Cir.) (quoting *Harvey v. United States,* 850 F.2d 388, 396 (8th Cir. 1988)), *cert. denied,* —— U.S. ——, 112 S.Ct. 384, 116 L.Ed.2d 334 (1991). The transcript of the plea hearing shows that Marks understood the nature of the charge, Plea Hearing Tr. at 7, while his reference to specific overt acts, *id.,* at 12, 13, satisfies us that he had read the indictment.

■ Marks further argues with respect to Count 1 that the court erred in failing to inform him that the government would have

---

1. The Honorable Russell G. Clark, Senior United States District Judge for the Western District of Missouri.

2. The attorney who was appointed to represent Marks in the District Court proceedings is not the attorney of record in this appeal.

to prove beyond a reasonable doubt that he had "knowingly and intentionally" conspired with others. It is not always necessary, however, to explain formally the elements of an offense if the defendant understood the nature of the charge. *See Nieuwsma,* 779 F.2d at 1362. Here it is clear that defendant "understood that he was pleading guilty to conspiracy to distribute cocaine, and that it involved an agreement to commit a crime, and that he understood the nature of the charge. There was substantial compliance under Rule 11 in this regard." *United States v. Kriz,* 586 F.2d 1178, 1180 (8th Cir.1978), *cert. denied,* 442 U.S. 945, 99 S.Ct. 2893, 61 L.Ed.2d 317 (1979). In these circumstances, the District Court did not err in failing to explain the government's burden of proof, and adequately informed the defendant of the nature of the charge under Count 1.

■ The record on Count 3, which charged Marks with conspiracy to launder money, is not as clear. As in the case of Count 1, Marks received notice in the indictment of the charge, testified under oath that he had counseled extensively with his attorney concerning the charge, and stated that he understood its nature. *See* Plea Hearing Tr. at 7. Marks' attorney agreed that Marks was aware of the meaning of the count, while the government's attorney noted that the charge concerned a "conspiracy to launder money derived from drug trafficking." Plea Hearing Tr. at 7–8, 2. The court, however, merely stated with respect to Count 3 that: "It charges that you conducted some financial transactions involving proceeds that you had received and—generally from drug trafficking ...," *id.* at 12, before going on to question Marks about specific overt acts alleged under the count. While a clearer statement of the nature of the charge would have been desirable, we cannot say that defendant is entitled to a reversal under the *Young* test. Marks' responses to the court's queries about overt acts, *see id.* at 12, 13, indicate that he had read the indictment, and he testified affirmatively as to his understanding of the charges against him, *id.,* at 7. He had discussed the charges with his attorney, had heard them stated succinctly by the government's attorney, and had been questioned about them by the court. Examining

the totality of the circumstances, we conclude that Marks was adequately informed of the nature of the charge in Count 3.

**B.**

■ Marks further argues that his guilty plea should be vacated because the trial court did not establish a factual basis for the plea's acceptance. As only Count 1, the charge of conspiracy to distribute cocaine, is discussed in Marks' brief, we will limit our discussion accordingly.

■ For the purposes of Rule 11(f) of the Federal Rules of Criminal Procedure, a factual basis for a plea of guilty is established when the court determines there is sufficient evidence at the time of the plea upon which the court may reasonably determine that the defendant likely committed the offense. *See United States v. Boucher,* 909 F.2d 1170, 1175 (8th Cir.), *cert. denied,* 498 U.S. 942, 111 S.Ct. 350, 112 L.Ed.2d 314 (1990). This determination is satisfied if the transcript describes the acts to which the defendant pleaded guilty. *See United States v. Villegas,* 987 F.2d 1362, 1364 (8th Cir.1993).

■ In this case, the indictment charged that Marks had conspired with several other named individuals, some of them charged as co-conspirators and some of them mentioned as unindicted co-conspirators, to distribute cocaine. At the plea hearing, the following colloquy took place:

THE COURT: Now, Count 1 charges, commencing in June of 1987 and continuing to on or about July 1991, you agreed or conspired with others to distribute a mixture containing cocaine.

During that period of time, did you have some sort of an understanding with other people that you would possess and distribute cocaine?

THE DEFENDANT: Yes, sir.

THE COURT: What was your involvement in this regard?

What was [sic] your duties or obligations in regard to the agreement or the understanding?

What were you supposed to do?

THE DEFENDANT: I really didn't do anything, I guess, except answer the phone. If somebody said they needed something, then, I guess I helped them achieve their goals.

THE COURT: Did you receive some telephone calls from people wanting cocaine?

THE DEFENDANT: Yes, sir I did.

THE COURT: Did you make arrangements to see that they got them [sic]?

THE DEFENDANT: Yes, sir, I did.

Plea Hearing Tr. at 11–12. Conspiracy to distribute does not require that the existence of a formal agreement be demonstrated; " 'showing a tacit agreement by understanding proven wholly by circumstantial evidence or by inferences from the parties' actions is sufficient.' " *United States v. Casas*, 999 F.2d 1225, 1229 (8th Cir.1993) (quoting *United States v. Searing*, 984 F.2d 960, 964 (8th Cir.1993)), *cert. denied*, —— U.S. ——, 114 S.Ct. 894, 127 L.Ed.2d 86 (1994). At the same time, some degree of knowing involvement and cooperation beyond mere knowledge must be established. *Casas*, 999 F.2d at 1229. Here, the defendant clearly admitted to an understanding with others to possess and distribute cocaine, establishing his knowing involvement and cooperation in the conspiracy.

Marks refers us to *United States v. Townsend*, 924 F.2d 1385 (7th Cir.1991), which notes that a drug sale, "by definition, requires two parties; their combination for that limited purpose does not increase the likelihood that the sale will take place, so conspiracy liability would be inappropriate." *Id.* at 1394. *Townsend* also notes, however, that conspiracies "are typically distinguished by cooperative relationships between the parties that facilitate achievement of the goal." *Id.* at 1395. Marks admitted that "[i]f somebody said they needed something, then, I guess I helped them achieve their goals." Plea Hearing Tr. at 11. While we might wish that more had been done to establish a factual basis for Marks' plea on Count 1 in the District Court's colloquy with defendant, we nevertheless believe that what was done is adequate. Accordingly, Marks is not entitled to have his plea vacated on this ground.

### C.

■ We now turn to Marks' contention that his guilty plea should be vacated because the court did not adequately notify him of possible sentences. Rule 11(c)(1) of the Federal Rules of Criminal Procedure states that the court must "inform the defendant of, and determine that the defendant understands ... the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law, including the effect of any special parole or supervised release term," and "the fact that the court is required to consider any applicable sentencing guidelines but may depart from those guidelines under some circumstances...." In the instant case, Marks was clearly informed that he faced a possible sentence of life imprisonment. Plea Hearing Tr. at 8–9. While the term "mandatory minimum" does not appear in the plea hearing transcript, in discussing Count 1, the court advised Marks that "under the statute, depending somewhat upon the facts developed, you could be sentenced up to 20 years to life or fined up to $8 million and there might be a period of supervised release of not less than ten years." Plea Hearing Tr. at 8.

When a five kilogram mixture of cocaine is involved, and the defendant has a final prior conviction for a felony drug offense, the defendant must be sentenced to a minimum of twenty years in prison. 21 U.S.C. § 841(a)(1), (b)(1)(A). We believe that the trial court's "20 years to life" statement adequately informed the defendant of the possible application of the twenty-year mandatory minimum sentence. Similarly the court informed the defendant that for Count 3 "under the statute, you could [be] imprisoned for not more than five years and fined up to $250,000 or some combination of the two." Plea Hearing Tr. at 8–9. The offense charged in Count 3 does not carry a mandatory minimum sentence. 18 U.S.C. § 371. We conclude that defendant received sufficient notification of both maximum and minimum sentences under the two counts to satisfy the requirements of Rule 11.

### II.

■ Marks argues that the District Court erred in not allowing him to challenge

his prior felony drug convictions at the sentencing hearing. When the government establishes two or more such prior convictions and the present offense of conviction involves five kilograms or more of a substance listed under 21 U.S.C. § 841(b)(1)(A)(ii), the sentencing court must impose a mandatory term of life imprisonment without release. 21 U.S.C. § 841(b). Marks argues that the District Court failed to follow the procedure mandated by 21 U.S.C. § 851(b), which requires the court to "inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information." Here Marks was asked not once, but twice, as to whether he was challenging his three prior convictions, and he replied in the negative. Sentencing Hearing Tr. at 10, 11. Later he changed his mind and asserted a desire to challenge the prior convictions. The District Court declined to allow him to do so. *See* Sentencing Hearing Tr. at 29, 85. We think the District Court's ruling is correct for two reasons, either one of which is a sufficient ground for sustaining the ruling.

First, § 851(c)(1) clearly states that "[i]f the person denies any allegation of the information of prior conviction, or claims that any conviction alleged is invalid, *he shall file a written response* to the information." 21 U.S.C. § 851(c)(1) (emphasis added). There is no indication in the record that defendant complied with this requirement. Second, § 21 U.S.C. § 851(e) states that "[n]o person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction." Sister circuits have held that "[a] trial court is not required 'to adhere to the rituals of § 851(b) where a defendant, as a matter of law, is precluded from attacking the conviction forming the basis of the enhancement information.'" *United States v. Weaver*, 905 F.2d 1466, 1482 (11th Cir.1990) (quoting *United States v. Nanez*, 694 F.2d 405, 413 (5th Cir.1982), *cert. denied*, 461 U.S. 909, 103 S.Ct. 1884, 76 L.Ed.2d 813 (1983)), *cert. denied*, 498 U.S. 1091, 111 S.Ct. 972, 112 L.Ed.2d 1058 (1991). In the present case the

information alleging the prior conviction was filed on October 30, 1992. Doc. 187, Appellee's Appendix at 21. Defendant's 1984 and 1986 convictions, all that are necessary for the operation of 21 U.S.C. § 841(b), are barred from challenge as having occurred more than five years previously. *See* 21 U.S.C. § 851(e). It therefore is of no consequence whether Marks might have successfully contested his 1990 conviction.

We conclude that Marks' claim of error lacks merit.

### III.

■■■■ Marks objects to the District Court's finding that five or more kilograms of cocaine were involved in the cocaine-distribution conspiracy to which he pled guilty and argues that proof should have been based on more than a preponderance of the evidence. It is clear, however, that we have "rejected the argument that the sentencing phase requires a more stringent standard of proof than a preponderance of the evidence." *United States v. Galloway*, 976 F.2d 414, 425 (8th Cir.1992) (en banc), *cert. denied*, —— U.S. ——, 113 S.Ct. 1420, 122 L.Ed.2d 790 (1993). Here the determination by the District Court as to the amount of cocaine involved was a finding of fact which we must accept unless it is clearly erroneous. *United States v. Alexander*, 982 F.2d 262, 267 (8th Cir.1992).

The District Court based its findings on information supplied by one of Marks' named co-conspirators, William Snyder, who stated that he had distributed fifteen kilograms of cocaine for Marks over the course of the conspiracy, and Michelle McDonald, an unindicted co-conspirator, who estimated that she had distributed ten to fifteen kilograms of the drug. Sentencing Hearing Tr. at 48, 49, 65. The District Court stated that it relied on the testimony of Snyder and McDonald in meeting the finding that five or more kilograms of cocaine had been involved in the conspiracy. Although Snyder contradicted his own earlier testimony, and received a reduced sentence as a result of his cooperation with the government, the court was entitled to credit his testimony, as well as Mc-

Donald's. *See United States v. Frondle,* 918 F.2d 62, 64–65 (8th Cir.1990) (credibility for the district court to determine with due regard to testifier's criminal past and self-interest in testifying), *cert. denied,* 499 U.S. 941, 111 S.Ct. 1400, 113 L.Ed.2d 455 (1991); *United States v. Phillippi,* 911 F.2d 149, 151 n. 3 (8th Cir.1990) (testimony of co-participant in offense who has become a government witness is sufficient evidence on which to base an increase in the quantity of drugs used for sentencing), *cert. denied,* 498 U.S. 1036, 111 S.Ct. 702, 112 L.Ed.2d 691 (1991); *United States v. Johnson,* 767 F.2d 1259, 1276 (8th Cir.1985) (district court's discretion at sentencing largely unlimited as to kind of information considered or its source). In light of the testimony before the sentencing court, we cannot say that the finding that five or more kilograms of cocaine were involved in the conspiracy is clearly erroneous.

### IV.

■ Marks further submits that the trial court erred in allowing him to proceed *pro se* at his sentencing hearing. We disagree. A defendant is entitled to represent himself when he knowingly and intelligently forgoes his right to counsel. *Faretta v. California,* 422 U.S. 806, 821, 835, 95 S.Ct. 2525, 2534, 2541, 45 L.Ed.2d 562 (1975); *Meyer v. Sargent,* 854 F.2d 1110, 1114 (8th Cir.1988). Indeed, for the state to force defendant to accept an appointed counsel would be a violation of his constitutional rights. *Faretta,* 422 U.S. at 836, 95 S.Ct. at 2541. Determination of whether a defendant's election to proceed *pro se* is voluntary, knowing, and intelligent depends upon the particular facts and circumstances surrounding the case, including the background, experience, and conduct of the accused. *Edwards v. Arizona,* 451 U.S. 477, 482, 101 S.Ct. 1880, 1883, 68 L.Ed.2d 378 (1981); *Meyer,* 854 F.2d at 1114. While this court has not held that "a specific warning on the record of the dangers and disadvantages of self-representation" is an absolute necessity, it is required that in its absence "the record shows that the defendant had this required knowledge from other sources." *Meyer,* 854 F.2d at 1114.

Here Marks received a specific warning on the record when the court heard defendant's motion to proceed *pro se* at trial. "I think you would make a tremendous mistake to try and represent yourself in this case. It's almost like a surgeon doing major surgery on himself. You're not familiar with the procedures ... involved in a criminal case. You're not familiar with the Federal Rules of Evidence. I don't think that you would be competent to pass on the correctness or appropriateness of instructions." Brief for Appellee at 41. Similarly, at sentencing, the court noted, in regard to defendant's decision to represent himself, "I'm going to advise you I think it's a very poor judgment on your part.... Mr. Carter [Marks' appointed counsel] is trained in the law, understands procedures in regard to a hearing. He understands the law. I don't think you have any expertise in the law whatsoever." Sentencing Hearing Tr. at 4. Marks was thus not warned once, but twice, of the dangers of *pro se* representation. This court has previously noted that "[s]entencing hearings demand much less specialized knowledge than trials" for the *pro se* attorney. *United States v. Day,* 998 F.2d 622, 626 (8th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 2140, 128 L.Ed.2d 868 (1994). Here, the defendant was adequately warned of the pitfalls of *pro se* representation, and he has failed to show that his election to represent himself was anything other than voluntary, knowing, and intelligent (in the limited sense in which that term is used in this context). That he may have lacked the skills and the knowledge of the law necessary to do a first-rate job is irrelevant. *Faretta,* 422 U.S. at 836, 95 S.Ct. at 2541. We conclude that Marks' claim of error cannot be sustained.

### V.

■ Marks finally argues that the District Court erred in applying 21 U.S.C. § 841's mandatory life sentence as no evidence was presented at the sentencing hearing to establish clearly that any cocaine transaction took place after the effective date of that section. The amendment was enacted on 18 November 1988 and became effective 120 days later. Marks would therefore be liable to a mandatory lifetime sentence, he

argues, only if evidence at the sentencing hearing established that an act covered by 21 U.S.C. § 841(a) occurred after this effective date, as any retroactive application of increased punishment would violate the Ex Post Facto Clause. U.S. Const. Art. 1, § 9, cl. 2; *see Miller v. Florida*, 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987). We have recently noted that " '[i]t is well established that a statute increasing a penalty with respect to a criminal conspiracy which commenced prior to, but was continued beyond the effective date of the statute, is not ex post facto as to that crime.' " *United States v. Cooper*, 35 F.3d 1248, 1251 (8th Cir.1994). Moreover, in an analogous situation

> it has been held that applying the Sentencing Guidelines to a conspiracy that straddles the Sentencing Guidelines' effective date is not violative of the ex post facto clause. We have noted that with conspiracy and other continuing offenses it is the completion date of the offense that controls the use of the Sentencing Guidelines to be applied.

*Id.* (citations omitted). In the present case, Marks' guilty plea to Count 1, charging a conspiracy to distribute from June 1987 to July 1991, establishes that the conspiracy, and Marks' participation in it, continued long after the effective date of the amendment to 21 U.S.C. § 841. As we already have held in part III of this opinion, the finding of the District Court that the conspiracy involved five or more kilograms of cocaine is not clearly erroneous. And as discussed in part II of this opinion, Marks has two prior felony drug convictions. The District Court therefore was required to impose the mandatory life sentence, and Marks' *ex post facto* claim is meritless.

### VI.

Having considered all of Marks' arguments, we affirm the judgment of the District Court in all respects.