**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-1347
_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Ryan Jones, | * | |
| | * | **[UNPUBLISHED]** |
| Appellant. | * | |

_____

Submitted: November 6, 1997
Filed: November 24, 1997
_____

Before WOLLMAN, LOKEN, and HANSEN, Circuit Judges.
_____

PER CURIAM.


Ryan Jones pleaded guilty to attempted bank robbery by force or intimidation, in violation of 18 U.S.C. §§ 2113(a) and 2(a), and using and carrying a firearm during the attempted robbery, in violation of 18 U.S.C. §§ 924(c)(1) and 2(a). The district court[1] sentenced Jones to ninety months in prison and two years supervised release.

_____

[1]The HONORABLE GEORGE F. GUNN, JR., United States District Judge for the Eastern District of Missouri.

Jones appeals, arguing that the court accepted his plea to the firearm offense without an adequate factual basis, thereby violating Fed. R. Crim. P. 11(f).  We affirm.

At the plea hearing, the Assistant U.S. Attorney summarized the essential elements of the government's case against Jones on the firearm charge:

> [The] Government can further prove beyond a reasonable doubt that . . . Adrian Mosley, a co-defendant in this case, held a bank employee at gunpoint during that attempted robbery in an attempt to gain entry into the bank.

> Although the defendant, Ryan Jones, was not armed during the attempted robbery, the defendant was aware of the fact that a firearm was to be used during the commission of the robbery. . . . [T]he government could produce evidence that defendant was responsible for acquiring the weapon prior to the attempted robbery and that he was present at the bank during the attempted robbery when Adrian Mosley held the bank employee at gunpoint.

The district court then questioned Jones concerning these allegations:

> THE COURT: Well, you are not agreeing to the fact that you acquired the weapon or that you were present, is that correct?

> MR. JONES: Not that I -- I didn't acquire the weapon, but, yes, I was present.

> *  *  *  *  *

> THE COURT: All right.  Do you agree that you did what [the prosecutor] says you did insofar as attempting to rob the Southwest Bank and being in possession of a weapon in connection with the attempted robbery?

MR. JONES: Yes, sir.

For purposes of Rule 11(f), "a factual basis for a plea of guilty is established when the court determines there is sufficient evidence at the time of the plea upon which the court may reasonably determine that the defendant likely committed the offense." United States v. Marks, 38 F.3d 1009, 1012 (8th Cir. 1994), cert. denied, 514 U.S. 1067 (1995). In United States v. Simpson, 979 F.2d 1282, 1285 (8th Cir. 1992), cert. denied, 507 U.S. 943 (1993), we upheld the conviction of a getaway car driver for aiding and abetting a § 924(c)(1) violation during a bank robbery because "defendant was an integral part of the armed robbery, was aware of co-defendant's possession of [a] gun, and knew that the weapon would be used to commit the crime." As described at the plea hearing, the government's case against Jones was even stronger than in Simpson -- Jones knew a firearm would be used in the planned robbery, and he was present when co-defendant Mosley held a bank employee at gunpoint in an unsuccessful effort to gain entry into the bank. These admissions adequately support Jones's guilty plea to the firearm offense. Jones relies on United States v. Medina, 32 F.3d 40 (2d Cir. 1994), but that case is factually distinguishable because defendant was not present during the attempted robbery and did not recruit the robber who carried a weapon. To the extent the court's discussion in Medina is inconsistent with our decision in Simpson, we are bound to follow Simpson.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-