# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3544

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Nebraska. |
| | * | |
| Glenn A. Woodard, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:  March 17, 2000

Filed:  March 22, 2000

_____

Before HANSEN and FAGG, Circuit Judges, and NANGLE,[*] District Judge.

_____

PER CURIAM.

Glenn A. Woodard helped two other men commit three bank robberies by providing guns and getaway cars.  After the men were caught and charged, Woodard's cohorts pleaded guilty and one of them testified at Woodard's trial.  Following the testimony, Woodard pleaded guilty to aiding and abetting the three bank robberies and to aiding and abetting the use of a firearm during one of the robberies.  See 18 U.S.C. § 2113(a) (1994) (bank robbery); id. § 924(c) (gun charge); id. § 2(a) (aiding and

---

[*]The Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri, sitting by designation.

abetting).  At sentencing, the district court ordered Woodard to pay full restitution for all three bank robberies, jointly and severally with his two codefendants.  On appeal, Woodard first contends there was an insufficient factual basis to support his guilty plea to the gun charge.  We disagree.  Viewing the entire record, there was sufficient evidence at the time of the plea for the district court reasonably to decide Woodard likely committed the gun offense.  See United States v. Marks, 38 F.3d 1009, 1012 (8th Cir. 1994).  Woodard aided and abetted a robbery that he knew involved the use of a gun, and Woodard provided the gun.  See United States v. Simpson, 979 F.2d 1282, 1285 (8th Cir. 1992).  Second, Woodard contends he should not be required to pay as much restitution as his more culpable codefendants, who actually committed the robberies.  Although the district court could have apportioned restitution liability, the district court did not abuse its discretion in ordering Woodard to pay the full amount. See 18 U.S.C. § 3664(h) (Supp. III 1997) (when court finds more than one defendant contributed to victim's loss, court may make each defendant liable for payment of the full amount of restitution).  We thus affirm the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.