# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3540

_____

United States of America,

        Appellee,

    v.

Eugene Robert Montgomery, also
known as J. B. Smith, also known as
Jene B. Smith, also known as Jene
Boy Smith, also known as Morton L.
Roberts Jr., also known as Charles J.
Mills Jr., also known as Charles J.
Allen, also known as James Sutherland,
also known as James Southerland,

        Appellant.

Appeal from the United States
District Court for the
Eastern District of Missouri.

[UNPUBLISHED]

_____

Submitted: August 3, 2000
Filed: August 10, 2000

_____

Before BOWMAN, BEAM, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Eugene Montgomery appeals his convictions and the sentence imposed by the district court[1] upon his guilty plea to three counts of mail fraud, in violation of 18 U.S.C. § 1341, and one count of money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i). His counsel has filed a brief and moved to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967), and with this court's permission, Montgomery has filed a pro se supplemental brief. Together, they raise these issues: Montgomery's guilty plea lacked an adequate factual basis, the district court failed to investigate the dissatisfaction with his retained counsel that Montgomery expressed prior to pleading guilty, the court erred in applying an aggravating-role enhancement, his plea (which included a waiver of his right to appeal his sentence) was involuntary, the probation officer failed to conduct a thorough investigation when preparing the presentence report (PSR), references to Montgomery's aliases were improper and prejudicial, and Montgomery's counsel performed deficiently. Montgomery has moved to proceed in forma pauperis (IFP) on appeal, and also has moved to modify the record on appeal.

Having thoroughly reviewed the record, we conclude that Montgomery knowingly and voluntarily waived his right to appeal his sentence. See United States v. Michelsen, 141 F.3d 867, 871-72 (8th Cir.), cert. denied, 525 U.S. 942 (1998); United States v. Greger, 98 F.3d 1080, 1081-82 (8th Cir. 1996). We therefore reject the arguments relating to his sentence.

We find no merit to the arguments relating to the validity of his convictions. Although Montgomery alleges in his pro se supplemental brief that he brought to the district court's attention his dissatisfaction with his counsel prior to pleading guilty, no such reference appears in the transcript. Instead, the record reveals that Montgomery twice acknowledged his satisfaction with counsel's performance. We are therefore not

---

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

persuaded that the court should have investigated Montgomery's dissatisfaction. Additionally, Montgomery's complaints about his counsel's performance should be presented in 28 U.S.C. § 2255 proceedings, rather than in this direct appeal. See United States v. Martin, 59 F.3d 767, 771 (8th Cir. 1995).

Montgomery stipulated to certain facts regarding his offenses, and made sworn statements about the offenses at the change-of-plea hearing, that establish an adequate factual basis for his guilty plea. See United States v. Marks, 38 F.3d 1009, 1012 (8th Cir. 1994), cert. denied, 514 U.S. 1067 (1995). Montgomery's claim that his guilty plea was involuntary cannot be raised for the first time on appeal. See United States v. Murphy, 899 F.2d 714, 716 (8th Cir. 1990).

We have reviewed the record independently pursuant to Penson v. Ohio, 488 U.S. 75 (1988), and we have found no nonfrivolous issues. Accordingly, we grant Montgomery leave to proceed IFP, affirm his convictions, grant his counsel's withdrawal motion, and deny Montgomery's request to modify the record.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.