# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2727

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Northern District of Iowa. |
| | * | |
| Earl Edward McDanniel, | * | **[UNPUBLISHED]** |
| | * | |
| Appellant, | * | |

_____

Submitted: July 5, 2001
Filed: July 11, 2001

_____

Before LOKEN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Earl Edward McDanniel pleaded guilty to possessing a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1); he subsequently pleaded guilty to one count of violating 18 U.S.C. § 751(a) based upon his one-week escape from custody prior to sentencing. At sentencing, the district court[1] imposed a two-level obstruction-of-justice adjustment based on the escape; denied a three-level acceptance-of-responsibility reduction; overruled McDanniel's objection to treating his three prior forgery sentences

_____

[1] The HONORABLE MICHAEL J. MELLOY, United States District Judge for the Northern District of Iowa.

as unrelated; and imposed concurrent sentences of 78 months in prison on the firearm charge and 60 months on the escape charge, and three years supervised release.

On appeal, counsel filed a brief and moved to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967), challenging the district court's rulings on McDanniel's criminal history and on the acceptance-of-responsibility reduction. We conclude the district court did not err in treating McDanniel's prior forgery sentences as unrelated, because each was separated by an intervening arrest. See U.S.S.G. § 4A1.2(a)(2) & comment. (n.3). The district court also did not err in concluding that McDanniel's case was not so extraordinary as to warrant both an acceptance-of-responsibility reduction and an obstruction-of-justice enhancement. See United States v. Honken, 184 F.3d 961, 970 (8th Cir.), cert. denied, 528 U.S. 1056 (1999).

In a pro se supplemental brief, McDanniel argues that statements he made at the plea hearing denying his ownership of certain firearms indicated his plea was not knowing and voluntary. However, McDanniel's plea-hearing statements that he possessed the firearm and ammunition described in the indictment, and that he had been convicted previously of a felony, established an adequate factual basis for his plea. See 18 U.S.C. § 922(g)(1); United States v. Marks, 38 F.3d 1009, 1012-13 (8th Cir. 1994), cert. denied, 514 U.S. 1067 (1995).

Having reviewed the record pursuant to Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues for appeal. Accordingly, we grant counsel's motion to withdraw, deny McDanniel's request for new counsel, and affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-