# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3624

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| L. C. Davis, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:    September 9, 2003

Filed:    October 31, 2003

_____

Before WOLLMAN, BOWMAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

This appeal follows Davis's plea of guilty to one count of conspiracy to possess with intent to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. § 846. After entry of the plea and acceptance of the plea agreement, the district court[1] sentenced Davis to 135 months' imprisonment. On appeal, Davis argues that the

_____

[1]The Honorable Susan Webber Wright, Chief Judge, United States District Court for the Eastern District of Arkansas.

district court committed error during the plea hearing, that the government breached the plea agreement, and that his counsel was ineffective. We affirm.

I.

As a threshold question, Davis urges us to apply the harmless error standard of Fed. R. Crim P. 11(h)[2] when reviewing his claims about the plea hearing even though he failed to object to any alleged errors. United States v. Vonn, 535 U.S. 55 (2002), forecloses that possibility, however, for there the Court held that alleged errors at a Rule 11 hearing must be reviewed for plain error under Fed. R. Crim. P. 52(b) when the defendant fails timely to object. Id. at 58-59.

Davis raises three Rule 11 arguments. First, he claims that the district court failed to inform him of, and determine that he understood, the nature of the charge against him. Fed. R. Crim. P. 11(b)(1)(G). We look to the "totality of the circumstances" when deciding whether the district court erred in its determination. United States v. Marks, 38 F.3d 1009, 1011 (8th Cir. 1994) (quoting United States v. Nieuwsma, 779 F.2d 1359, 1361 (8th Cir. 1985)). We may properly consider the indictment, any discussions Davis had with his attorney, and any other facts in the record that might support the district court's finding. Id.

Davis acknowledged that he had received a copy of the indictment and that he had discussed it and the nature of its allegation with his attorney. Additionally, the district court explained the allegations in layman's terms ("You have to admit to me that you participated in this conspiracy; that they were cooking and distributing cocaine and you knew about it and participated in it in some way other than just by being present").

---

[2]We cite to the current Rule 11, as amended in 2002.

-2-

Notwithstanding the district court's careful, straightforward explanation, Davis contends that the district court erred in not taking additional precautions in its Rule 11(b)(1)(G) determination because of Davis's now-claimed mental retardation. No allegation of reduced mental abilities was raised in the district court, however, and there are no facts in the record that indicate that Davis lacked the mental capacity to understand the nature of the charge against him.

Next, Davis contends that the district court failed sufficiently to inquire into the factual basis for the plea. This requirement of Rule 11(b)(3) is met where "the transcript describes the acts to which the defendant pleaded guilty." Marks, 38 F.3d at 1012. Where conspiracy is the crime alleged, it is sufficient for the transcript to demonstrate "a tacit agreement ... proven wholly by circumstantial evidence or by inferences from the parties' actions." Id. at 1013 (quoting United States v. Casas, 999 F.2d 1225, 1229 (8th Cir. 1993)). A conspiracy is generally "distinguished by cooperative relationships between parties that facilitate achievement of the goal." Id. (quoting United States v. Townsend, 924 F.2d 1385 (7th Cir. 1991)).

Here, transcripts of the plea hearings support the district court's finding that Davis was a member of the conspiracy alleged in the indictment. Davis admitted that he packaged a substance, that he knew the substance was crack cocaine, and that his co-conspirators intended to sell it. These facts illustrate cooperation that "faciltate[d] achievement" of the goals of the conspiracy, Marks, 38 F.3d at 1013, and thus satisfy the requirements of Rule 11(b)(3).

Davis's final Rule 11 argument is that the district court improperly participated in plea discussions. The record, however, belies this contention. The district court held two hearings involving Davis's plea. The first ended with the district court's refusal to accept Davis's plea because the record lacked a sufficient factual basis for it. After adducing additional facts at the second hearing, the district court accepted Davis's plea. The hearings occurred only after discussions between the government

and Davis had ended and the district court had been informed that Davis was prepared to enter a plea. Rather than participating in plea discussions, then, the district court simply held a required hearing and fulfilled its obligations under Rule 11(b).

## II.

In his second argument, Davis contends that the government breached its obligation under the plea agreement to move for reduction of sentence and asks that we remand and order an evidentiary hearing on the issue. He maintains that he has substantially assisted the government in the prosecution of other crimes.

The government agreed to make a Fed. R. Crim. P. 35 "substantial assistance" motion if, in the exercise of its discretion, it determined that Davis's cooperation warranted it. Both the government and the district court made clear to Davis that the government retained discretion over the Rule 35 motion. The government contends that Davis's assistance has not been substantial and has not enabled the government to solve other crimes.

We have held that "[w]hen the government expressly reserves discretion, we will perform only a limited review of the decision not to file a motion for downward departure for substantial assistance." United States v. Hardy, 325 F.3d 994, 996 (8th Cir. 2003) (quoting United States v. Amezcua, 276 F.3d 445, 447 (8th Cir.2002)). The defendant must make a "substantial threshold showing of prosecutorial discrimination, irrational conduct, or bad faith." Id. (internal quotations omitted). Absent this threshold showing, Davis is not entitled to a hearing. Id.

Because Davis offers nothing more than the bare assertion that his cooperation was substantial or that it aided in the prosecution of other crimes, we conclude that he has failed to make the required threshold showing and thus is not entitled to a hearing.

III.

Finally, Davis argues that we should remand for resentencing because he received ineffective assistance of counsel at the sentencing hearing. The ineffectiveness, Davis maintains, occurred when his lawyer failed to request an adjustment for his mitigating role in the offense. U.S.S.G. § 3B1.2.

Although an ineffective assistance of counsel claim is generally not reviewed on direct appeal, we will consider such a claim where, as here, the record is fully developed in the district court. United States v. Walker, 324 F.3d 1032, 1039 n.3 (8th Cir. 2003), cert. denied, 2003 WL 21693426 (U.S. Oct. 6, 2003). The performance of counsel is ineffective when it is deficient and results in prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984). Prejudice occurs where, in the absence of counsel's deficient performance, "the decision reached would reasonably likely have been different." Id. at 696.

The government argues that because Davis is not entitled to a minor or minimal participant adjustment as a matter of law, he suffered no prejudice as a result of his lawyer's failure to request it. We agree. The parties stipulated that Davis was responsible for only 50-150 grams of cocaine base, notwithstanding the fact that 171.91 grams of cocaine base and 689.1 grams of powder cocaine were recovered at the scene of Davis's arrest and the unobjected-to presentence report found him equally culpable with his co-conspirators. Without the stipulation, Davis's base offense level would have been 34; with the stipulation, it was 32. Because Davis was already given credit for his role in the offense in the calculation of drug quantity, it would have been inappropriate to give him an additional reduction in base offense level as a minor or minimal participant. United States v. Thurmon, 278 F.3d 790, 793 (8th Cir. 2002).

The judgment is affirmed.

_____