# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

―――――――

No. 03-3785

―――――――

United States of America,

        Appellee,

v.

Eric L. English,

        Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  District of Nebraska.
\*
\*   [UNPUBLISHED]
\*

―――――――

Submitted: October 7, 2004
Filed: August 9, 2005

―――――――

Before MELLOY, LAY, and COLLOTON, Circuit Judges.

―――――――

PER CURIAM.

Eric English pleaded guilty to conspiring to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1), using a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c), and a forfeiture count under 21 U.S.C. § 853. The district court[1] sentenced English to consecutive prison terms of 135 months on the drug count and 60 months on the firearm count, and two concurrent 4-year supervised release terms. For reversal, English argues that the

―――――――――――――

[1]The Honorable Thomas M. Shanahan, United States District Judge for the District of Nebraska.

district court erred in accepting his plea as to the firearm charge because it was not supported by a sufficient factual basis.

Upon careful review, we find that there was a sufficient factual basis to accept English's guilty plea to the firearm charge. At the plea hearing, English admitted that he committed the offenses charged against him, and the government stated that if the case went to trial it would produce witnesses who would testify to English's daily habit of carrying a gun. See Bailey v. United States, 516 U.S. 137, 142-43 (1995) (government must prove that defendant used or carried firearm during and in relation to drug-trafficking crime for sentence enhancement pursuant to 18 U.S.C. § 924(c)(1)); United States v. Marks, 38 F.3d 1009, 1012 (8th Cir. 1994) (factual basis for plea is established when court determines there is sufficient evidence at time of plea upon which court may reasonably determine that defendant likely committed offense), cert. denied, 514 U.S. 1067 (1995); Adkins v. United States, 298 F.2d 842, 844 (8th Cir.) (per curiam) (plea of guilty is admission of all essential elements of indictment; government need not provide further proof for judgment of conviction), cert. denied, 370 U.S. 954 (1962).

English also challenges his sentence based on Blakely v. Washington, 124 S.Ct. 2531 (2004), and United States v. Booker, 125 S.Ct. 738 (2005), which declared the Sentencing Guidelines effectively advisory in all cases. Because he raises a Blakely/Booker claim for the first time on appeal, we review for plain error under the standard set forth in United States v. Pirani, 406 F.3d 543, 552 (8th Cir. 2005). To show prejudice under Pirani, English must show a reasonable probability that the district court would have granted a lesser sentence had it not treated the Guidelines as mandatory. Id. Having carefully reviewed the record in this case, we find nothing to suggest that the district court would have granted a lesser sentence under an advisory Guidelines regime.

Accordingly, we affirm.

_____