# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3763

_____

United States of America,

        Appellee,

v.

Alexander Sandoval, also known as
Juan Armando Cruz Villa,

        Appellant.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   District of Minnesota.
\*
\*   [UNPUBLISHED]
\*
\*

_____

Submitted: February 7, 2006
Filed: February 13, 2006

_____

Before MELLOY, FAGG, and BENTON, Circuit Judges.

_____

PER CURIAM.

Alexander Sandoval appeals the 70-month sentence the district court[1] imposed after he pleaded guilty to conspiring to distribute amphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846. His counsel has moved to withdraw and filed a brief under *Anders v. California*, 386 U.S. 738 (1967); Sandoval has filed a motion for appointment of counsel.

---

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

We reject each of the *Anders* brief arguments. First, we conclude that the district court did not plainly err in determining that amphetamine was properly reclassified as a Schedule II controlled substance for Guidelines purposes, resulting in a statutory maximum of 20 years. *See United States v. Olano*, 507 U.S. 725, 731-37 (1993) (court reviews for plain error claims not raised in district court; plain-error standard; at minimum, court of appeals cannot correct an error unless it is clear under current law); *cf. United States v. Roark*, 924 F.2d 1426, 1428-29 (8th Cir. 1991) (finding Attorney General and Bureau of Narcotics and Dangerous Drugs followed correct procedures and made necessary finding in 1971 to reclassify methamphetamine as a Schedule II controlled substance).

We also conclude that the district court did not plainly err in finding that a factual basis existed for Sandoval's guilty plea, because not only did the written plea agreement recite a factual basis, but Sandoval acknowledged in the agreement and testified at the plea hearing that he was pleading guilty to conspiracy to possess with intent to distribute amphetamine. *See United States v. Marks*, 38 F.3d 1009, 1012 (8th Cir. 1994) (factual basis for plea is established when court determines there is sufficient evidence at time of plea upon which court may reasonably determine that defendant likely committed offense), *cert. denied*, 514 U.S. 1067 (1995).

Finally we conclude that the alleged errors under Federal Rule of Criminal Procedure 11 do not provide a basis for reversal. *See United States v. Vonn*, 535 U.S. 55, 58-59 (2002) (defendant who allows Rule 11 error to pass without objection in trial court must satisfy plain-error rule); *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004) (defendant seeking reversal of conviction entered upon guilty plea, based on plain error under Rule 11, must show reasonable probability that, but for error, he would not have entered plea).

Having reviewed the record independently under *Penson v. Ohio*, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues.  Accordingly, we grant counsel's motion to withdraw, deny Sandoval's motion for appointment of counsel, and affirm.

_____