# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-4168

_____

United States of America,

    Appellee,

  v.

Johnny L. Stanley,

    Appellant.

\*
\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Western District of Missouri.
\*
\*  [UNPUBLISHED]
\*

_____

Submitted: March 18, 2008
Filed: March 21, 2008

_____

Before WOLLMAN, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

After Johnny Stanley pleaded guilty to possessing five firearms while subject to a valid court order, in violation of 18 U.S.C. §§ 922(g)(8) and 924(a)(2), the district court accepted his plea and sentenced him to 24 months in prison and 3 years of supervised release. On appeal we denied counsel's request under *Anders v. California*, 386 U.S. 738 (1967), to withdraw, and we directed the parties to file briefs addressing whether the district court established an adequate factual basis for the guilty plea. Specifically, the parties were to address whether Stanley received actual notice of the state court hearing that resulted in an order of protection being issued, the existence of which was the basis for the instant firearm charge. *See* 18 U.S.C. § 922(g)(8) (stating in relevant part that court order must have been "issued after a

hearing of which such person received actual notice, and at which such person had an opportunity to participate"). We now reverse the conviction and remand for further proceedings consistent with this opinion.

At the change-of-plea hearing, the government described the following evidence that would have been presented had there been a trial. On September 28, 2005, Independence, Missouri police officers were called to help a woman retrieve an automobile that was behind a gate. As they were helping her retrieve the car, they heard three rounds of gunfire. After cordoning off the area, the officers were able to get Stanley to exit a residence and discovered five firearms inside the house. At the time of the incident, Stanley was subject to a full order of protection from Boone County, Missouri, which stated in several places that he was prohibited from possessing firearms.

Stanley testified at the plea hearing that, on September 28, he was unaware of the full order of protection. He testified that he did not receive a copy of the earlier ex parte order, which had included the date of the hearing to determine whether a full order of protection should issue. He explained that the ex parte order may have been served at his mother's house while he was in jail.

On this record, we cannot say that the district court had an adequate factual basis to conclude that Stanley received "actual notice" of the order-of-protection hearing and an opportunity to participate in it, as required by section 922(g)(8). *See* Fed. R. Crim. P. 11(b)(3) (before entering judgment on guilty plea, court must determine there is factual basis for it); *United States v. Marks*, 38 F.3d 1009, 1012 (8th Cir. 1994) (factual basis for plea of guilty is established when court determines there is sufficient evidence at time of plea upon which court may reasonably determine that defendant likely committed offense); *see also Dusenbery v. United States*, 534 U.S. 161, 169 n.5 (2002) (equating "actual notice" with "receipt of

notice"); Black's Law Dictionary 1090 (8th ed. 2004) (defining "actual notice" as notice "given directly to, or received personally by, a party").

Stanley, however, did not raise any objection below. Therefore, we will not reverse unless it is warranted under our plain-error standard of review. *See United States v. Pirani*, 406 F.3d 543, 549-50 (8th Cir. 2005) (en banc) (errors not properly preserved are reviewed only for plain error; there must be (1) error, which is (2) plain, (3) affects substantial rights, and (4) seriously affects fairness, integrity, or public reputation of judicial proceedings). We conclude that the error was plain and affected Stanley's substantial rights, because the evidence presented at the change-of-plea hearing was insufficient to convict him of violating section 922(g)(8). We also conclude that the error seriously affects the fairness, integrity, or public reputation of the judicial proceedings, because a miscarriage of justice would result if the error were left uncorrected. *See United States v. Harper*, 466 F.3d 634, 644 (8th Cir. 2006), *cert. denied*, 127 S. Ct. 1504 (2007).

Accordingly, Stanley's conviction is reversed and we remand for further proceedings consistent with this opinion.

_____