# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2283

_____

United States of America,

        Appellee,

v.

Elmore George, III,

        Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Eastern District of Missouri.
\*
\*  [UNPUBLISHED]
\*

_____

Submitted: November 11, 2010
Filed: November 23, 2010

_____

Before BYE, BOWMAN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Pursuant to a written plea agreement, Elmore George pleaded guilty to knowingly conspiring to possess with the intent to distribute oxycodone, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The district court[1] sentenced him to 151 months in prison, followed by three years of supervised release.

On appeal, counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), in which he seeks to withdraw. Counsel argues that an appeal waiver

---

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

contained in George's plea agreement is not enforceable, that the district court did not adequately consider the 18 U.S.C. § 3553(a) sentencing goals, that George was improperly designated as a career offender, and that his criminal history was overstated and warranted a downward departure. George argues in a pro se supplemental brief that the district court failed to establish a factual basis for his guilty plea or to determine whether he understood the nature of the charge against him, and that these errors affected his substantial rights.

We agree that George's appeal is not barred by the appeal waiver in his plea agreement, because the waiver was conditioned upon the court following the parties' Guidelines recommendations, which the court did not do. See United States v. Luleff, 574 F.3d 566, 568-69 (8th Cir. 2009). We nevertheless affirm on the merits.

First, we conclude that George was correctly designated a career offender. See U.S.S.G. § 4B1.1(a) (defendant is career offender if, inter alia, he has at least two prior felony convictions for controlled-substance offense); United States v. Ojeda-Estrada, 577 F.3d 871, 875 (8th Cir. 2009) (de novo review of career-offender status). We also decline to review the district court's discretionary decision not to grant George a downward departure. See United States v. Betts, 509 F.3d 441, 446 (8th Cir. 2007) (discretionary denial of downward-departure motion based on overstated criminal history is generally unreviewable on appeal).

We further find that the district court did not commit any procedural sentencing error, because the court correctly calculated the advisory Guidelines range, properly considered and sentenced George based only on relevant section 3553(a) factors, and explained its reasons for the within-Guidelines-range sentence. The court also did not impose a substantively unreasonable sentence. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc); see also United States v. Perkins, 526 F.3d 1107, 1110 (8th Cir. 2008).

Last, we conclude that the district court properly advised George of the nature of the charge against him and sufficiently established a factual basis for the plea. See United States v. Marks, 38 F.3d 1009, 1012-13 (8th Cir. 1994).

Having reviewed the record independently pursuant to Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues. We grant counsel's request to withdraw, and we affirm.

_____