# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2160

_____

United States of America,                  *
                                            *
    Plaintiff - Appellee,               *
                                            *
                                            *  Appeal from the United States
v.                                          *  District Court for the Southern
                                            *  District of Iowa.
Gary Edward Close,                          *
                                            *
    Defendant - Appellant.              *

_____

Submitted: December 11, 2007
Filed: March 10, 2008

_____

Before BYE, JOHN R. GIBSON, and MELLOY, Circuit Judges.

_____

JOHN R. GIBSON, Circuit Judge.

Gary Edward Close and his wife, Malinda Close, were indicted for conspiracy to distribute methamphetamine, 21 U.S.C. §§ 846 & 841(b)(1)(A), possession with intent to distribute methamphetamine, 21 U.S.C. § 841(a)(1) & (b)(1)(C), and possession of a firearm in furtherance of drug trafficking, 18 U.S.C. § 924(c)(1)(A). Malinda Close pled guilty to the conspiracy count and was sentenced according to a plea agreement. Gary Close pled guilty to the counts of conspiracy and possession with an intent to distribute, but was convicted by a jury of the firearms offense. The

district court[1] sentenced Gary Close to two concurrent 120-month sentences for the first two counts and one 60-month sentence, to run consecutively, for the firearms offense. On appeal, Close challenges the sufficiency of the evidence to support the firearms conviction. We affirm.

On March 2, 2005, members of the Mid-Iowa Narcotics Enforcement Task Force, pursuant to a search warrant, conducted a search of the residence of Gary and Malinda Close in Des Moines, Iowa. The officers knocked, announced their presence, waited approximately thirty seconds, and then forced entry into the residence. Malinda Close was handcuffed after she came out of a back bedroom of the residence. Polk County Deputy Sheriff Randy Tobey and another officer entered the bedroom and observed Gary Close lying on the bed. Deputy Tobey observed Gary Close roll off the bed, away from the officers, where he was on his knees with his hands out of view. Close appeared to be searching for something on the floor. According to Deputy Tobey, he and the other officer ordered Close to show his hands numerous times, which caused Close to "search faster with his hands for whatever he was looking for." Finally, Close stopped and raised his hands. Deputy Tobey testified that when he secured Close he appeared to be under the influence of methamphetamine.

The officers seized methamphetamine packaged for resale from the bedroom, along with digital scales, packaging material commonly used to package drugs for resale, and a small amount of cash. They also found three guns in the bedroom: a shotgun under the bed, a rifle behind nightstand, and a semi-automatic pistol in the nightstand. A video surveillance and recording system was also discovered in the bedroom. It consisted of a fourplex monitoring system, showing four different exterior views of the residence.

---

[1]The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa.

Close argues there was insufficient evidence to support the jury verdict convicting him of possession of a firearm in furtherance of drug trafficking. We review sufficiency of the evidence de novo, and "will affirm if the record, viewed most favorably to the government, contains substantial evidence supporting the jury's verdict, which means evidence sufficient to prove the elements of the crime beyond a reasonable doubt." United States v. Lopez, 443 F.3d 1026, 1030 (8th Cir.) (en banc), cert. denied, 127 S. Ct. 214 (2006). A conviction for possessing a firearm in furtherance of a drug trafficking crime requires that the government prove a nexus between the defendant's possession of the firearm and the drug crime. United States v. Bell, 477 F.3d 607, 613 (8th Cir. 2007). Mere possession of drugs and a firearm at the same time is insufficient to support a conviction. Id. at 613-14. However, the jury may infer that the firearm was used in furtherance of a drug crime when it is kept in close proximity to the drugs, it is quickly accessible, and there is expert testimony regarding the use of firearms in connection with drug trafficking. Id. See also United States v. Sanchez-Garcia, 461 F.3d 939, 946-47 (8th Cir. 2006) (gun was kept in bedroom directly adjacent to kitchen were drugs were kept and expert testified as to use of firearms for protection of drugs).

The facts in Bell are similar to the facts in this case. When police entered the bedroom while executing a search warrant, Bell slid from the bed to the floor and reached toward the bed as if to retrieve something. A revolver was found in that area, and Bell's pants were close by. Crack cocaine was stashed in a pocket of his pants, and Bell admitted the crack was his. Bell, 477 F.3d at 612-14. Here, the officers found three guns in Close's bedroom, which is where they also found methamphetamine packaged for resale, digital scales, and packaging materials. Deputy Tobey also testified that Close was reaching for something under the bed when police entered the bedroom, which is where the shotgun was found, and that Close had to be told at least ten times to put his hands up before he complied. There was testimony in both Bell and here that firearms are used by drug dealers to protect their money and their drugs from other drug dealers and from police. Id. at 614.

Moreover, Close's bedroom was equipped with sophisticated surveillance equipment monitoring the exterior of the house, strengthening the proposition advanced by the government that Close wanted to be warned about approaching danger so he could take action.

Close argues that the jury failed to consider the unrebuked testimony of Close and his wife that the guns were kept in the bedroom in order to keep them away from their son and that they installed the surveillance equipment in response to recent neighborhood burglaries. "A defendant challenging the sufficiency of the evidence confronts a high hurdle." Bell, 477 F.3d 614 (internal quotation marks omitted). When reviewing a verdict, we do not question credibility determinations made by the jury. United States v. Haney, 23 F.3d 1413, 1416 (8th Cir. 1994). A jury is free to believe or reject a witness's testimony in part or in whole. United States v. Montano, 506 F.3d 1128, 1133 (8th Cir. 2007). Close and his wife were biased witnesses and we will not scrutinize the jury's rejection of their testimony. Close's conviction is supported by sufficient evidence.

For these reasons, we affirm the judgment of the district court.

_____