# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1509

_____

United States of America,      *
      *
          Appellee,    *
      *
    v.        *
      *
Jeff Cheney,      *
      *
          Appellant.   *

_____

No. 08-2481

_____

Appeals from the United States
District Court for the
Northern District of Iowa.

United States of America,      *
      *
          Appellee,    *
      *
    v.        *
      *
Anthony Holland,      *
      *
          Appellant.   *

_____

Submitted: December 9, 2008
Filed: July 8, 2009

_____

Before COLLOTON, BRIGHT and SHEPHERD, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Jeff Cheney and Anthony Holland each pled guilty to conspiracy to manufacture and distribute 500 grams or more of methamphetamine. Holland also pled guilty to possession of a firearm in furtherance of the drug conspiracy. The district court[1] sentenced Cheney to 216 months' imprisonment and Holland to 322 months' imprisonment. Despite a written waiver of his right to appeal, Cheney appeals his sentence. Holland appeals his conviction on the charge of possession of a firearm in furtherance of the drug conspiracy, arguing that his guilty plea was not supported by an adequate factual basis. We affirm in Holland's case and dismiss Cheney's appeal in accordance with his appeal waiver.

I.

Cheney entered a plea of guilty in August 2007 to conspiring to manufacture and distribute 500 grams or more of methamphetamine, having previously been convicted of a felony drug offense, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. The district court formally accepted the plea in September 2007. On November 6, 2007, Cheney entered into a written sentencing agreement with the government. The agreement set forth stipulations about the relevant facts and the application of the advisory sentencing guidelines. The agreement also included an appeal waiver.

At Cheney's sentencing hearing in February 2008, the district court calculated an advisory guideline range of 240 to 262 months' imprisonment, and noted that the offense carried a statutory minimum penalty of 240 months. The government made substantial-assistance motions pursuant to USSG § 5K1.1 and 18 U.S.C. § 3553(e),

---

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

recommending that the court reduce Cheney's sentence by fifteen percent. After discussing the possibility of an upward departure based on Cheney's criminal history (which the court ultimately did not implement) and finding that Cheney was untruthful in his testimony at a sentencing hearing in another case, the court granted the substantial-assistance motions and reduced Cheney's sentence by only ten percent, to 216 months' imprisonment.[2] On appeal, Cheney argues that the district court abused its discretion by failing to reduce the sentence further. He also argues that the district court erred by *sua sponte*, and without notice, considering whether Cheney's criminal history was underrepresented by the advisory guidelines and whether Cheney had testified truthfully at the other sentencing proceeding.

The government contends that Cheney's arguments are foreclosed by his waiver of appeal rights contained in his sentencing agreement. Our cases have not addressed the interpretation and enforcement of sentencing agreements, but they are similar to plea agreements, and our precedents relating to the waiver of appeal rights in plea agreements provide useful guidance. *See United States v. Ross*, 245 F.3d 577, 582 (6th Cir. 2001); *United States v. Bradstreet*, 207 F.3d 76, 80 n.2 (1st Cir. 2000). We will enforce the waiver of rights to appeal when the government establishes that the issues raised on appeal are "within the scope of the waiver," the waiver was entered into "knowingly and voluntarily," and enforcement of the waiver "would not result in a miscarriage of justice." *United States v. McIntosh*, 492 F.3d 956, 959 (8th Cir. 2007).

---

[2]During the hearing, the district court remarked that Cheney "really hasn't done that much. I mean he testified in one trial and did a debriefing." The court also found that Cheney was not truthful in the case where he testified, but found "no reason to believe that [Cheney] was anything but truthful" in his debriefing by law enforcement agents, which the government said led to a consent search of a house and the discovery of a "hidden room" that otherwise would not have been found.

Cheney's sentencing agreement contains a paragraph entitled "Appeal Waiver," which states that "[a]fter conferring with his attorney and after being advised of his appeal rights, the defendant knowingly and voluntarily waives his right to appeal his conviction and the sentence imposed." Under the agreement, however, Cheney retained the right to appeal his sentence "(1) if the sentence is not in accordance with this sentencing agreement; (2) if the sentence imposed exceeds the maximum statutory penalty; [or] (3) if the sentence is unconstitutionally defective." He also retained the right to raise claims of ineffective assistance of counsel, which are typically considered in a collateral proceeding. None of the issues that Cheney seeks to raise falls within any of these limited exceptions to his appeal waiver. Cheney's appeal is thus within the scope of his waiver.[3]

We are also satisfied that Cheney's waiver was knowing and voluntary. Cheney makes no argument on appeal that the waiver is invalid, and the record supports its validity. At the time of the agreement, Cheney was a 47-year-old high school graduate with a twenty-year employment record, no history of mental health problems, and experience with the criminal justice system. The waiver was contained in Cheney's written agreement with the government, "which we presume he read before signing." *United States v. Aronja-Inda*, 422 F.3d 734, 738 (8th Cir. 2005). Cheney initialed the paragraph containing the waiver and a stipulation that the waiver was made "knowingly and voluntarily" and "[a]fter conferring with his attorney" and "being advised of his appeal rights." The agreement contained a separate acknowledgment, also initialed by Cheney, that he "read each of the provisions of this entire sentencing agreement with the assistance of counsel and understands its

_____

[3]Cheney raises additional arguments in supplemental *pro se* filings, but we typically do not consider *pro se* submissions when an appellant is represented by counsel. *See United States v. Stanko*, 491 F.3d 408, 411 n.2 (8th Cir. 2007). In any event, except for a claim of ineffective assistance of counsel, which should be brought in a collateral proceeding, the points that Cheney seeks to raise *pro se* are also barred by the appeal waiver.

provisions." The acknowledgment reiterated that Cheney was "entering into this sentencing agreement and has plead [sic] guilty freely and voluntarily." Although the district court did not discuss Cheney's appeal waiver with him at either the plea hearing or the sentencing hearing, we have held that such a colloquy is not a prerequisite to a knowing and voluntary waiver. *United States v. Michelsen*, 141 F.3d 867, 871-72 (8th Cir. 1998).[4] Once the waiver was validly made, it was not negated by the district court's routine statement, over three months later at the end of Cheney's sentencing hearing, that Cheney had "a right to appeal the sentence that I've imposed." *Id.* at 872. Therefore, seeing no miscarriage of justice that would result, *see United States v. Andis*, 333 F.3d 886, 891-92 (8th Cir. 2003) (en banc), we enforce Cheney's waiver of his right to appeal and decline to address the merits of his claims.

## II.

Holland pled guilty in August 2007 to conspiring to manufacture and distribute 500 grams or more of methamphetamine, having previously been convicted of a felony drug offense, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. He also pled guilty to using a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). Following the Supreme Court's decision in *Watson v. United States*, 128 S. Ct. 579 (2007), which held "that a person does not 'use' a firearm under § 924(c)(1)(A) when he receives it in trade for drugs," *id.* at 586, Holland withdrew his guilty plea. In April 2008, Holland again pled guilty to conspiring to manufacture and distribute methamphetamine, and to a new charge of *possessing* a firearm *in furtherance* of a drug trafficking crime, in violation of § 924(c)(1).

---

[4]Because Cheney's sentencing agreement was reached after his plea hearing, the requirement of Federal Rule of Criminal Procedure 11(b)(1)(N) that the district court advise the defendant of the appeal waiver was not applicable.

Holland entered his plea pursuant to a written plea agreement. In the plea agreement, Holland stipulated that he "knowingly possessed" four firearms "in furtherance of the drug trafficking crime alleged in Count One." The agreement also contained a general waiver of the right to appeal his conviction, but included a type-written addition stating: "The defendant retains the right to appeal the factual basis for a 942(c)(1) [sic] conviction and sentence in Count II, Possession of a Firearm in Furtherance of a Drug Trafficking crime. This is the sole issue that may be appealed."

At Holland's plea hearing, the district court asked Holland's counsel whether he believed there was a factual basis for the guilty plea, and counsel responded: "I do, and I do want to point out to the Court that in the plea agreement we did reserve the right to appeal that question about guns in furtherance even though we're accepting the factual basis and all the circumstances of that." In questioning Holland about his understanding of the plea agreement, the district court stated, "You understand, Mr. Holland, you won't be able to file any appeals or post-conviction hearings or anything else, that you're waiving all those rights except for that one issue regarding the 924(c) count where you retain your right to appeal the factual basis for the 924(c)(1) count of conviction." The court also advised Holland at his sentencing hearing that he had waived his right to appeal, except for the issue of the factual basis for the § 924(c)(1) conviction, which the court stated he had "an absolute right to appeal." The district court sentenced Holland to a term of 322 months' imprisonment. Holland now appeals, arguing that his conviction for possessing a firearm in furtherance of a drug trafficking crime was not supported by an adequate factual basis.

Although Holland limited his appeal waiver to exclude a challenge to the factual basis for his plea, he did not enter a conditional guilty plea in accordance with the procedure of Federal Rule of Criminal Procedure 11(a)(2). The law is unsettled about whether a defendant can appeal the adequacy of a factual basis after entering an unconditional guilty plea. In *United States v. Beck*, 250 F.3d 1163, 1165 (8th Cir. 2001), we held that a defendant, by entering a guilty plea that was not conditional,

waived his right to appeal the sufficiency of the factual basis for one element of the offense of conviction, but in *United States v. Mark*, 38 F.3d 1009, 1012-13 (8th Cir. 1994), we reviewed the adequacy of a factual basis under Rule 11 despite an unconditional guilty plea. Other circuits appear to be divided on the question. *Compare, e.g.*, *United States v. Lacey*, No. 08-2515, 2009 WL 1635382, at *3 (7th Cir. June 12, 2009) (reviewing adequacy of factual basis), *United States v. Baymon*, 312 F.3d 725, 727-28 (5th Cir. 2002) (same), *and United States v. McKelvey*, 203 F.3d 66, 69-70 (1st Cir. 2000) (same), *with United States v. Johnson*, 89 F.3d 778, 784 (11th Cir. 1996) (holding that right to challenge factual basis is waived by guilty plea), *United States v. Willis*, 992 F.2d 489, 490 (4th Cir. 1993) (same), and *United States v. Freed*, 688 F.2d 24, 25-26 (6th Cir. 1982) (same).

We need not decide this point of law, because the government does not contend that Holland's guilty plea bars him from challenging the factual basis for his plea – in effect, waiving any claim to rely on a possible waiver by Holland. *See United States v. Jacobo Castillo*, 496 F.3d 947, 954 (9th Cir. 2007) (en banc). Therefore, we proceed to consider the sufficiency of the factual basis for Holland's plea. *See* Fed. R. Crim. P. 11(b)(3).

A guilty plea is supported by an adequate factual basis when the record contains "sufficient evidence at the time of the plea upon which a court may reasonably determine that the defendant likely committed the offense." *United States v. Gamble*, 327 F.3d 662, 664 (8th Cir. 2003) (internal quotation omitted). Holland does not dispute that he possessed firearms or that he was engaged in a drug trafficking crime. The controverted issue is whether the district court reasonably could have determined that Holland's possession was "in furtherance of" the crime.

The term "furtherance," as used in § 924(c), means "[t]he act of furthering, advancing, or helping forward." *United States v. Hamilton*, 332 F.3d 1144, 1149 (8th Cir. 2003) (internal quotation omitted). To satisfy this element, there must be a

"nexus" between the possession of the firearm and the drug trafficking crime. *United States v. Close*, 518 F.3d 617, 619 (8th Cir. 2008). Such a nexus would be present, for example, if the defendant possessed the firearms to protect his drugs. *Id.*

The evidence before the district court at the time of Holland's plea hearing provides a sufficient basis to determine that Holland likely possessed the firearms for the protection of his drug trafficking. Holland stipulated that during a search of his home, law enforcement officers found two handguns and a shotgun, along with a video surveillance system, 41.6 grams of a liquid containing methamphetamine, and other items used in the manufacture and sale of methamphetamine. One of the firearms was equipped with a laser sight. The presence of the video surveillance system supports a reasonable conclusion that Holland "wanted to be warned about approaching danger so he could take action." *Id.* at 620. Given the need for drug traffickers to engage in self-help to protect their illegal enterprise, it is natural to infer that the firearms were possessed as part of the protective environment and in furtherance of the drug trafficking activity. *See United States v. Saddler*, 538 F.3d 879, 888-89 (8th Cir. 2008); *Close*, 518 F.3d at 619. This circumstantial evidence provided a sufficient basis for the district court reasonably to determine that Holland likely committed the charged offense.

\* \* \*

For these reasons, we affirm the judgment of the district court in Holland's appeal and dismiss Cheney's appeal based on the waiver.

_____