# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 08-3792

———————

United States of America,

        Appellee,

    v.

Khoi Van Ha,

        Appellant.

\*
\*
\*   Appeal from the United States
\*   District Court for the Northern
\*   District of Iowa.
\*
\*       [UNPUBLISHED]
\*
\*

———————

Submitted:  December 7, 2009
Filed:  December 11, 2009

———————

Before BYE, BOWMAN, and BENTON, Circuit Judges.

———————

PER CURIAM.

Pursuant to a written plea agreement, Khoi Van Ha pleaded guilty to conspiring to manufacture, possessing with intent to distribute, and distributing 1,000 or more marijuana plants within 1,000 feet of a protected location, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A); 846; and 860 (1999).  After granting the government's substantial-assistance motions under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), the District Court[1] sentenced Ha to 108 months in prison, which was 12 months below the statutory minimum, and 10 years of supervised release.  Ha's counsel has moved to

---

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

withdraw and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), in which he argues that Ha's sentence is unreasonable.  In his pro se supplemental brief, Ha argues that he was actually innocent of the drug quantity assessed against him; he did not understand that the charge to which he pleaded guilty carried a 10-year mandatory minimum prison sentence, and would not have pleaded guilty had he understood; the Court should have reduced his sentence by 50%, and should have given him safety-valve relief; and enforcing the appeal waiver would constitute a miscarriage of justice because his plea was not knowing and voluntary, he was sentenced under the incorrect statutory provision, and his sentence does not comply with "statutory mandates."

We will enforce an appeal waiver in a plea agreement only when the appeal falls within the scope of the waiver, both the waiver and plea agreement were entered into knowingly and voluntarily, and enforcement of the appeal waiver would not result in a miscarriage of justice.  <u>See</u> <u>United States v. Andis</u>, 333 F.3d 886, 889–92 (8th Cir.) (en banc), <u>cert. denied</u>, 540 U.S. 997 (2003).  Here, through an interpreter, the District Court thoroughly questioned Ha about his understanding of the plea agreement and the voluntariness and consequences of his plea.  Ha confirmed that counsel, aided by an interpreter, read the agreement to him, paragraph by paragraph, and that he had initialed a paragraph only when he understood and agreed to it, and he does not suggest on appeal that he did not know about or understand the waiver at the time he signed the plea agreement or entered his plea.  <u>See</u> <u>United States v. Cheney</u>, 571 F.3d 764, 766–67 (8th Cir. 2009).

Further, the sentencing issues raised in this appeal fall within the scope of the appeal waiver.  Accordingly, we will enforce the waiver and dismiss the appeal.  <u>See</u> <u>Andis</u>, 333 F.3d at 889–92 (holding that court should dismiss appeal where it falls within scope of valid waiver and no miscarriage of justice would result); <u>United States</u>

-2-

v. Estrada-Bahena, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam) (enforcing appeal waiver in Anders case).[2]

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues that are not encompassed by the appeal waiver.  Accordingly, we grant counsel's motion to withdraw, and we dismiss the appeal based on the appeal waiver.

_____

_____

[2]Even if Ha's appeal waiver is unenforceable, we see no reason to invalidate the remainder of the plea agreement, which forecloses his sentencing arguments on appeal.  See United States v. Mickelson, 433 F.3d 1050, 1055–56 (8th Cir. 2006) (holding that a defendant who explicitly and voluntarily exposes himself to specific sentence may not challenge that punishment on appeal).