# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2655

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Robert Thomas, also known | * | |
| as Christian Tadlock | * | [PUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: March 12, 2010
Filed: August 4, 2010

_____

Before BYE, COLLOTON, and GRUENDER, Circuit Judges.

_____

BYE, Circuit Judge.

Robert Thomas was convicted following an unconditional guilty plea of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and receipt of an unregistered machine gun, in violation of 26 U.S.C. § 5861(d). Thomas was sentenced to 151 months' imprisonment. On appeal, Thomas argues the evidence was insufficient to convict him of being a felon in possession of a firearm. In addition,

Thomas contends that the district court[1] violated Fed. R. Crim. P. 32(i)(3)(B) by failing to make rulings on two Sentencing Guidelines enhancements. We affirm.

I

On August 5, 1976, Robert Thomas was convicted of delivery of LSD, a controlled substance, in the Circuit Court for St. Clair County, Illinois, and was sentenced to four to six years in prison. Thomas appealed his conviction, but began serving his sentence on August 6, 1976. On December 22, 1977, Thomas was released on bond. On August 14, 1978, while Thomas was still free on bond, the Appellate Court of Illinois reversed his conviction and remanded the case to the circuit court for dismissal on the theory that Thomas had been entrapped as a matter of law. People v. Thomas, 381 N.E.2d 1058 (Ill. App. 1978). The State of Illinois then appealed the case to the Illinois Supreme Court, which, on October 19, 1979, reversed the judgment of the appellate court and affirmed Thomas's conviction and sentence. People v. Cross, 396 N.E.2d 812, 820 (Ill. 1979). Thomas's petition for a writ of certiorari to the United States Supreme Court was denied on March 17, 1980. Thomas v. Illinois, 445 U.S. 929 (1980).

On April 16, 1980, Thomas faked his own death by staging a suicide. He left his vehicle abandoned on a bridge in Ballard County, Kentucky. A supposed suicide note addressed to his wife was left on the seat inside the vehicle. After faking his death, Thomas traveled throughout the United States and eventually settled in Farmington, Arkansas, in 1984, where he began living as "Christian Tadlock" with his girlfriend.

---

[1]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

In late September 2007, Special Agent Wes Patterson of the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) was contacted by a confidential informant who advised Patterson that a person known to him as "Chris" had asked the informant where he might obtain an MG-42 machine gun. Agent Patterson told the informant to provide Chris with his cellular telephone number so Chris could contact Agent Patterson. Shortly thereafter, an individual identifying himself as Chris contacted Agent Patterson and stated that he was interested in purchasing an MG-42 machine gun. Agent Patterson informed Chris that he had an MG-42 to sell and arrangements were made to consummate the transaction. On October 16, 2007, Agent Patterson made contact with Chris at a prearranged site in Joplin, Missouri. Chris arrived at the appointed location and introduced himself. After Patterson showed Chris an MG-42 firearm, Chris produced $1,200 in United States currency which he handed to Agent Patterson in payment for the firearm. In return, Patterson handed the firearm to Chris, who then placed the machine gun in the bed of his pickup truck. As Chris attempted to enter his vehicle he was apprehended by assisting law enforcement officers. Chris identified himself as "Christian Tadlock" to the officers and was carrying a valid Arkansas driver's license in that name. Shortly thereafter, Christian Tadlock was determined to be Robert Thomas.

A search warrant was obtained for Thomas's residence. During the course of the search, investigators recovered multiple machine guns, 21 rifles, 35 handguns, 3 shotguns, 45,000 rounds of ammunition, 57 hand grenades, pipe bombs, and an assortment of gun parts. A search of the National Firearms Registration and Transfer Record revealed that there were no firearms registered to either Christian Tadlock or Robert Thomas. The machine gun sold to Thomas by Agent Patterson was fully operational and had traveled in interstate commerce.

A federal grand jury returned a four-count superceding indictment against Thomas charging him with two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), receipt of an unregistered machine gun, in violation

of 26 U.S.C. §§ 5861(d) and 5871, and possession of a stolen firearm, in violation of 18 U.S.C. § 924(m).

On February 12, 2009, Thomas filed a motion to quash the indictment and dismiss the case, arguing (1) he was not a convicted felon, and (2) he was unaware that he had sustained a prior felony conviction. The district court denied the motion.

On February 19, 2009, Thomas pleaded guilty to one count of being a felon in possession of a firearm, and receipt of an unregistered machine gun. There was neither a plea agreement nor a conditional plea pursuant to Fed. R. Crim. P. 11(a)(2). The district court accepted Thomas's guilty plea. A preliminary presentence investigation report (PSR) was subsequently prepared by the United States Probation Department and provided to the parties for comment. On May 15, 2009, Thomas submitted thirteen written objections to the preliminary PSR. Two of the objections related to factual findings made by the probation department that impacted his advisory Sentencing Guidelines range of punishment. Specifically, Thomas contended that the number of firearms attributed to him should be reduced by forty-four because "the 44 hand grenades were not 'live grenades' they contained gun powdered [sic] for use in reenactments [sic]." Thomas also objected to receiving "a two level enhancement because he did not steal a firearm."

The final PSR was prepared and disseminated to the parties and the district court on May 28, 2009. The PSR maintained that the contested portions of the preliminary report were correct and calculated Thomas's total offense level at 32, including enhancements for both the number of firearms attributable to Thomas, see U.S.S.G. § 2K2.1(b)(1)(C), and the fact that one of the firearms was determined to have been stolen, see U.S.S.G. § 2K2.1(b)(4). The probation officer, in addressing Thomas's objections, noted that the grenades, even emptied of the original explosive charge, contained "gun powder and can explode" and were determined to be explosives by the ATF. With respect to Thomas's claim that he should not receive a

two-level increase to his base offense level for possessing a stolen firearm, the probation officer replied that the firearm had been reported stolen and was located in Thomas's possession.

On July 7, 2009, the district court conducted a sentencing hearing. After hearing from the Government regarding its objections to the PSR, the district court asked Thomas's counsel if he had "any other objections." Thomas's attorney replied: "No, sir, Your Honor. I voiced our objections. In talking to the probation officer and looking at her responses, I'm satisfied with it."

The district court then followed the PSR's recommendation and sentenced Thomas to 120 months' imprisonment as to Count One and 31 months' imprisonment as to Count Two, to run consecutively, for an aggregate sentence of 151 months, followed by three years' supervised release. Thomas appeals.

II

Thomas argues there was an insufficient factual basis to convict him of being a felon in possession of a firearm. See Fed. R. Crim. P. 11(b)(3). A guilty plea is supported by an adequate factual basis when the record contains "sufficient evidence at the time of the plea upon which a court may reasonably determine that the defendant likely committed the offense." United States v. Gamble, 327 F.3d 662, 664 (8th Cir. 2003) (internal quotation omitted).

As a preliminary matter, the government argues Thomas waived his right to challenge the sufficiency of the evidence supporting his convictions because he pleaded guilty unconditionally.

As this court pointed out in United States v. Cheney, 571 F.3d 764, 768 (8th Cir. 2009), "[t]he law is unsettled about whether a defendant can appeal the adequacy

of a factual basis after entering an unconditional guilty plea." Id. We explained that while

> in United States v. Beck, 250 F.3d 1163, 1165 (8th Cir. 2001), we held that a defendant, by entering a guilty plea that was not conditional, waived his right to appeal the sufficiency of the factual basis for one element of the offense of conviction, . . . in United States v. Marks, 38 F.3d 1009, 1012-13 (8th Cir. 1994), we reviewed the adequacy of a factual basis under Rule 11 despite an unconditional guilty plea.

Cheney, 571 F.3d at 768. The Cheney court declined to resolve the split of authority, instead assuming the factual basis of the plea was reviewable and ruling against the defendant-appellant on the merits. We likewise assume here, without deciding, that the district court's determination of a factual basis for Thomas' unconditional guilty plea is reviewable on appeal.[2]

Thomas argues the factual basis underpinning his guilty plea was deficient in two ways. First, Thomas alleges he is not a felon because he was never resentenced following the Illinois Supreme Court's decision. Second, Thomas argues he did not know he was a felon when he possessed the firearms.

Whether a particular conviction qualifies as a predicate felony for the purpose of § 922(g) is a question of law for the district court. United States v. Boaz, 558 F.3d 800, 805 (8th Cir. 2009). We agree with the district court that Thomas is a felon. Although Thomas's conviction was reversed by the Illinois Court of Appeals, the

---

[2]We also decline to decide whether we review the district court's decision under Federal Rule of Criminal Procedure 11(b)(3) in these circumstances through the lens of plain error, see United States v. Vonn, 535 U.S. 55, 58 (2002), or harmless error, see Fed. R. Crim. P. 11(h), because we ultimately conclude the district court did not err in determining that a factual basis existed in this case to support Thomas's guilty plea.

Illinois Supreme Court reinstated Thomas's conviction. Cross, 396 N.E.2d at 820. We fail to see how the issue of resentencing is relevant to Thomas's status as a felon in light of the conviction itself, but note that Thomas was not resentenced because the Illinois Supreme Court reinstated his original sentence. Id. We therefore conclude the district court did not err in determining Thomas is a felon.

Turning to the evidence of Thomas's knowledge of his status as a convicted felon, Thomas argues that 18 U.S.C. § 922(g)(1) requires the government to prove a defendant knew of his status as a felon, and that the evidence was insufficient to prove he knew of his status.

Thomas's argument is foreclosed by United States v. Kind, 194 F.3d 900, 907 (8th Cir. 1999). There, this court stated that in a prosecution under § 922(g)(1), "it is well settled in this circuit that the government need only prove defendant's status as a convicted felon and knowing possession of the firearm." See also United States v. Lomax, 87 F.3d 959, 962 (8th Cir.1996) ("[T]he 'knowingly' element of section 922(g) applies only to the defendant's underlying conduct, not to his knowledge of the illegality of his actions.").

We therefore conclude that Thomas's guilty plea was supported by sufficient evidence to support the conclusion that Thomas likely committed the offense.

III

Thomas next argues that the district court failed to comply with Fed. R. Crim. P. 32(i)(3)(B). The relevant portion of the rule states that "[a]t sentencing, the court . . . must–for any disputed portion of the presentence report or other controverted matter–rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." We have stated that if a defendant disputes material facts in the PSR, the

court must "refuse to take those facts into account or hold an evidentiary hearing." United States v. Morehead, 375 F.3d 677, 679 (8th Cir. 2004).

On the record before us, we agree with the government that counsel for Thomas withdrew his objections to the PSR at the sentencing proceeding. When the district court asked defense counsel if he had any objections to the PSR, counsel stated, "No, sir, Your Honor. I voiced our objections. In talking to the probation officer and looking at her responses, I'm satisfied with it." We take this to mean defense counsel agreed with the probation officer's defense of the enhancements recommended by the PSR. We therefore conclude the district court complied with Fed. R. Crim. P. 32(i)(3)(B).

IV

We affirm.

_____