# United States Court of Appeals
### For the Eighth Circuit

_____

No. 12-1522
_____

United States of America

*Plaintiff - Appellee*

v.

David Neve

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa, Waterloo

_____

Submitted: October 19, 2012
Filed: January 18, 2013
[Unpublished]

_____

Before RILEY, Chief Judge, BEAM and COLLOTON, Circuit Judges.

_____

PER CURIAM.

David Neve was convicted on five counts: (1) conspiracy to distribute 500 grams or more of methamphetamine which contained 50 grams or more of pure methamphetamine; (2) distribution of 50 grams or more of pure methamphetamine on September 13, 2010; (3) possession with intent to distribute 50 grams or more of pure methamphetamine on September 15, 2010; (4) possession of firearms in furtherance

of a drug trafficking crime on September 15, 2010; and (5) possession of firearms in furtherance of a drug trafficking crime on September 13, 2010. Neve appeals his convictions on the firearm charges in counts 4 and 5, arguing there was insufficient evidence to support his convictions under 18 U.S.C. § 924(c)(1)(A), and that the district court[1] abused its discretion by imposing consecutive terms of imprisonment on those counts.[2] We affirm.

## I.  BACKGROUND

On September 13, 2010, Neve fronted[3] Jessica Risius 83.74 grams of pure methamphetamine. Law enforcement officers had placed a GPS tracking device on Risius' vehicle, which indicated to the officers Risius' presence at Neve's residence. When Risius left the residence, the officers stopped her vehicle, arrested her, and recovered the 83.74 grams of methamphetamine from her person. At trial, Risius testified that she went to Neve's residence to purchase methamphetamine and Neve fronted her the 83.74 grams. After indicating to Neve that she was reluctant to take the methamphetamine, he reached behind his back, where Risius knew he kept a gun, and told her she would take the methamphetamine. After being threatened by Neve, Risius took the drugs, left Neve's residence, and was arrested.

---

[1]The Honorable Linda R. Reade, Chief Judge, United States District Judge for the Northern District of Iowa.

[2]Neve asserts an ineffective assistance of counsel claim, without advancing any argument. Unless a miscarriage of justice would result, we do not address ineffective assistance of counsel issues on direct appeal. United States v. Hughes, 330 F.3d 1068, 1069 (8th Cir. 2003). Accordingly, we do not address Neve's claim here.

[3]"'Fronting' denotes a transaction in which the buyer receives drugs on credit and repays the seller from the resale proceeds." United States v. Davis, 690 F.3d 912, 919 n.2 (8th Cir. 2012) (quotation omitted).

On September 15, 2010, officers executed a search warrant on Neve's residence. Neve's residence was an acreage that included both a house and a camper. He lived in the camper. During the execution of the search warrant, officers found numerous firearms around Neve's property, including twenty-six firearms in Neve's camper, twenty of which were loaded. Officers also found materials consistent with the distribution of methamphetamine including cash, packaging materials and digital scales. Officers recovered 5.72 grams of methamphetamine mixture, 154.16 grams of pure methamphetamine, and 21.63 grams of marijuana around Neve's property. Finally, officers retrieved $104,734 in cash from the bed of a pickup near Neve's camper. Officers arrested Neve during the execution of the search warrant and on his person officers found ammunition belonging to two of the guns recovered in the camper.

During trial, the jury heard testimony from multiple witnesses regarding Neve's involvement in the distribution of methamphetamine and the numerous firearms kept on his property. Further, witness testimony indicated Neve threatened individuals with firearms. Police officers also testified that Neve's use of firearms was consistent with drug traffickers' use of weapons. At the close of evidence, Neve motioned for a judgment of acquittal on all counts, which the district court denied. The jury found Neve guilty on all counts. Prior to sentencing, Neve argued that the indictment should not have charged Neve with two § 924(c) crimes. Rejecting Neve's arguments, on February 17, 2012, the court sentenced Neve to 684 months' imprisonment. Neve's sentence consisted of 324 months on each drug count, running concurrently; 60 months on count 4, running consecutively to the drug counts; and 300 months on count 5, running consecutively to the above sentences. Neve appeals and we affirm.

## II.    DISCUSSION

### A.    Sufficiency of the Evidence on Counts 4 and 5

Essentially making an insufficiency argument, Neve claims there was no evidence to support a connection between the firearms found on his property and his drug trafficking offenses.  We review "sufficiency of the evidence de novo, viewing the evidence in the light most favorable to the verdict and drawing all reasonable inferences in favor of the verdict." United States v. Robinson, 617 F.3d 984, 988 (8th Cir. 2010) (quotation omitted). "A defendant challenging the sufficiency of the evidence confronts a high hurdle.  When reviewing a verdict, we do not question credibility determinations made by the jury.  A jury is free to believe or reject a witness's testimony in part or in whole." United States v. Close, 518 F.3d 617, 620 (8th Cir. 2008) (quotation and citations omitted).

Section 924(c) provides that "any person who, during and in relation to any . . . drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm" shall be subject to penalty in addition to the punishment for commission of that drug trafficking crime. 18 U.S.C. § 924(c)(1)(A).  To establish a violation of § 924(c), the government must prove that the defendant (1) committed a drug trafficking crime, and (2) possessed a firearm in furtherance of that crime. Robinson, 617 F.3d at 988.  The "in furtherance" element is satisfied if the government provides "evidence from which a reasonable [trier of fact] could find a nexus between the defendant's possession of the charged firearm and the drug crime, such that this possession had the effect of furthering, advancing or helping forward the drug crime." Id. (alteration in original) (quotation and internal quotation omitted). As Neve points out, the "'simultaneous possession of drugs and a firearm, standing alone, is insufficient to sustain a conviction.'" Id. (quoting United States v. Hilliard, 490 F.3d 635, 640 (8th Cir. 2007)).  "[T]here must be evidence that . . . the firearm

was used for protection, was kept near the drugs, or was in close proximity to the defendant during drug transactions." Id. (internal quotation omitted). "The jury may infer the requisite nexus between the firearm and the crime 'when [the firearm] is kept in close proximity to the drugs, it is quickly accessible, and there is expert testimony regarding the use of firearms in connection with drug trafficking.'" United States v. Fetters, 698 F.3d 653, 658 (8th Cir. 2012) (alteration in original) (quoting Close, 518 F.3d at 619).

Given the evidence presented, Neve cannot surmount his hurdle on appeal. The evidence presented at trial established a nexus between Neve's firearms and his drug trafficking offenses. The firearms were both kept in close proximity to the methamphetamine and were quickly accessible. Specific to the count 5 conviction, Risius testified that, even though she did not see the gun that night, she knew Neve kept one behind his back and he threatened her with it when she was reluctant to take the methamphetamine. She also testified that on September 13, Neve had guns in his camper. This testimony supports the conclusion that a firearm was kept in close proximity to the methamphetamine and was quickly accessible.

Relevant to the count 4 conviction, officers executed the search warrant on Neve's residence and found methamphetamine and numerous guns around the property. Neve asserts that because the firearms and the methamphetamine were not found "directly next to each other" there was insufficient evidence to support a nexus. However, given the large number of firearms–many of which were loaded–kept in both the house and camper and the quantities of drugs found around the property, a reasonable trier of fact could establish proximity between the drugs and the firearms. Further, the firearms were quickly accessible. Evidence indicated that the loaded firearms were placed in a manner that made them accessible from any location in the camper and house. For example, in the camper, a semiautomatic handgun, a revolver, and ammunition were found on the coffee table; three guns were found leaning against the wall near the front door; an assault rifle was found in the kitchen; and in the house,

two firearms were in the dining room and two guns were near the window in the bathroom.

Finally, two officers testified that drug traffickers often use firearms to intimidate others and to protect themselves, their money, and their drugs. Thus, the trial evidence could lead a reasonable trier of fact to find a nexus between the firearms and Neve's drug trafficking and to conclude that Neve used firearms in furtherance of his drug trafficking. See Fetters, 698 F.3d at 658.

### B. Sentence Reasonableness

Neve argues that the district court abused its discretion by imposing an unreasonable sentence on the challenged firearm charges. However, a sentence mandated by § 924(c) is not subject to reasonableness analysis. United States v. Lee, 502 F.3d 780, 781 (8th Cir. 2007) (citing United States v. Gregg, 451 F.3d 930, 937 (8th Cir. 2006) for the proposition that a sentence mandated by § 924(c) is not subject to reasonableness analysis). The district court did not exercise its discretion when imposing the consecutive statutory minimums required by § 924(c); therefore we perceive no error. Gregg, 451 F.3d at 937 (noting the district court was "without discretion to impose concurrent sentences or a sentence . . . below the mandatory minimum" for a § 924(c) conviction); 18 U.S.C. §§ 924(c)(1)(A)(i) (requiring a minimum five-year sentence for a § 924(c) conviction), 924(c)(1)(C)(i) (requiring a minimum twenty-five year sentence for a second or subsequent § 924(c) conviction), 924(c)(1)(D)(ii) (mandating that § 924(c) sentences may not run concurrently to other terms of imprisonment). Despite this legal blockade, Neve asserts, without citation to supporting authority, that had the search warrant been obtained as quickly as possible, it would have been executed on September 13, rather than two days later on September 15 and Neve, then, would have only been charged with one firearm offense. Neve's argument is without merit.

## III.   CONCLUSION

For the forgoing reasons, we affirm.

_____