# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-2844

_____

United States of America

*Plaintiff - Appellee*

v.

Lori Jenkins

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: May 13, 2015
Filed: July 6, 2015

_____

Before WOLLMAN, SMITH, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Lori Lynn Jenkins was convicted on two counts of being a felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court[1] sentenced her to 120 months' imprisonment. She appeals, claiming insufficient

_____

[1] The Honorable Laurie Smith Camp, Chief Judge, United States District Court for the District of Nebraska.

evidence, an erroneous supplemental instruction to the jury, and error in applying the cross-reference from Sentencing Guidelines §§ 2K2.1(c)(1)(B) and 2A1.1. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

## I.

The federal indictment charged:

### Count I

On or about August 2, 2013, in the District of Nebraska, LORI JENKINS, Defendant herein, having been convicted on August 27, 1997, in the District Court of Douglas County, Nebraska, of a crime punishable by imprisonment for a term exceeding one year, to wit: shoplifting over $1,500, did knowingly possess in and affecting commerce, ammunition, which had been shipped and transported in interstate commerce, to wit: Brenneke, 12 gauge "classic magnum" shells. In violation of Title 18, United States Code, Sections 922(g)(l) and 924(a)(2).

### Count II

On or about August 20, 2013, in the District of Nebraska, LORI JENKINS, Defendant herein, having been convicted on August 27, 1997, in the District Court of Douglas County, Nebraska, of a crime punishable by imprisonment for a term exceeding one year, to wit: shoplifting over $1,500, did knowingly possess in and affecting commerce, ammunition, which had been shipped and transported in interstate commerce, to wit: Remington 9mm ammunition. In violation of Title 18, United States Code, Sections 922(g)(l) and 924(a)(2).

The 12 gauge shells, a specialty item, were available only at one store in Omaha. The government presented video of Jenkins's purchase. Another store's video showed her purchasing the 9mm ammunition. Jenkins's cousin testified to waiting in the car while she purchased the 9mm ammunition. Jenkins did not stipulate to a prior felony

conviction. The government entered into evidence a certified copy of Jenkins's prior felony showing a shoplifting offense for a value between $500 and $1,500.

Both federal counts say "shoplifting *over $1,500*." The certified copy of the prior felony shows an original charge of shoplifting over $1,500—a class III felony. The charge was later amended by interlineation to a class IV felony—shoplifting over $500 but less than $1,500.

Deliberating, the jury sent the court a question, "What is a class 3 felony and what is the punishment? What is a class 4 felony and what is the punishment?" The government, seeing this as a legal question, asked the court to instruct that, under Nebraska law, a felony is a crime punishable by more than one year imprisonment. Jenkins objected, arguing this evidence was not adduced at trial and asking the court to refer the jury back to the instructions. The court eventually agreed with the government, instructing that "in the State of Nebraska, a felony conviction is an offense that carries the potential penalty of more than one year in prison." About 30 minutes later, the jury reached a guilty verdict.

The ammunition was linked to four murders by Jenkins's son and daughter. At sentencing, the presentence investigation report (PSR) relied on the cross-reference in § 2K2.1(c)(1)(B) to hold Jenkins responsible for the transfer of ammunition resulting in death. Applying the first-degree murder reference under § 2A1.1, the Guidelines range was life. The court found Jenkins transferred the ammunition with knowledge or intent that it would be used in connection with another offense. Applying the cross-reference, the court sentenced her to the statutory maximum of 120 months' imprisonment.

Jenkins appeals, challenging the sufficiency of the evidence, the supplemental jury instruction, and the application of Guidelines §§ 2K2.1(c)(1)(B) and 2A1.1.

II.

A.

This court reviews de novo the sufficiency of the evidence to support a conviction, "viewing the evidence in a light most favorable to the verdict and accepting all reasonable inferences supporting the verdict." *United States v. Colton*, 742 F.3d 345, 348 (8th Cir. 2014) (per curiam).

Jenkins contends the government failed to prove she had previously been convicted of a crime punishable by a term of imprisonment exceeding one year and shoplifting over $1,500.

The indictment charges "shoplifting over $1,500," but the prior felony was for shoplifting over $500 but less than $1,500. She did not challenge the indictment at trial. Review is for plain error. *See United States v. Lee*, 374 F.3d 637, 649 (8th Cir. 2004). Jenkins must prove that "the indictment was defective and that it seriously affected the fairness and integrity of the judicial proceedings." *United States v. Higgins*, 710 F.3d 839, 846 (8th Cir.), *cert. denied*, 134 S. Ct. 343 (2013). "Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." *United States v. Allen*, 406 F.3d 940, 945 (8th Cir. 2005) (en banc), *quoting* **Fed. R. Crim. P. 52(a)**.

It is unlawful for anyone "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to possess ammunition involved in interstate commerce. **18 U.S.C. § 922(g)(1)**. Federal law does not require that a felony shoplifting charge exceed a specified amount. *See id.* If a crime is punishable by more than one year, it meets the statutory requirement.

The evidence—the certified copy of the prior felony—shows Jenkins's prior conviction as a class IV felony, punishable by more than one year in prison. The

-4-

government need only prove a prior felony conviction—not its specific circumstances. *See **Old Chief v. United States***, 519 U.S. 172, 190 (1997) ("Congress, however, has made it plain that distinctions among generic felonies do not count for this purpose; the fact of the qualifying conviction is alone what matters under the statute."); ***United States v. Carter***, 270 F.3d 731, 735 (8th Cir. 2001) ("The government is only required to prove the existence of a prior felony conviction."). The error in the indictment did not affect Jenkins's substantial rights.

B.

Jenkins challenges the supplemental instruction to the jury. "A district court has broad discretion to respond to a jury request for supplemental instructions. It must insure that any supplemental instructions given are accurate, clear, neutral and non-prejudicial." ***United States v. Felici***, 54 F.3d 504, 507 (8th Cir. 1995). A challenged jury instruction is reviewed for abuse of discretion. ***United States v. Evans***, 431 F.3d 342, 347 (8th Cir. 2005).

Responding to the jury's question, the district court instructed that "in the State of Nebraska, a felony conviction is an offense that carries the potential penalty of more than one year in prison." "Whether a particular conviction qualifies as a predicate felony for the purpose of § 922(g) is a question of law for the district court." ***United States v. Thomas***, 615 F.3d 895, 899 (8th Cir. 2010). The court's supplemental instruction describes Nebraska law clearly, neutrally, and accurately. *See **Neb. Rev. Stat. § 28-105 (2013)***. Moreover, the instruction was non-prejudicial. It repeated information the jury had already been told. As the district court explained to counsel:

> One question I ask [the jury] is whether they have been convicted of a felony or whether they have a felony charge pending against them. And at that time, I tell them a felony is an offense which carries the potential

penalty of one year or more in prison. So they did hear that when they first came in on Tuesday morning.

The district court did not abuse its discretion giving the supplemental instruction.

C.

The Guideline for 18 U.S.C. § 922(g)(1) offenses is § 2K2.1. Subsection 2K2.1(c)(1) makes a cross-reference if the defendant "transferred a firearm or ammunition . . . with knowledge or intent that it would be used or possessed in connection with another offense." "[I]f death resulted" the court applies "the most analogous offense guideline from Chapter Two, Part A, Subpart 1 (Homicide), if the resulting offense level is greater than that determined above." **U.S.S.G. § 2K2.1 (c)(1)(B)**. The district court applied the cross-reference to § 2A1.1 and sentenced Jenkins to 120 months' imprisonment.

Jenkins argues the district court violated *Alleyne v. United States*, 133 S. Ct. 2151 (2013), *Apprendi v. New Jersey*, 530 U. S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004), by applying §§ 2K2.1(c)(1)(B) and 2A.1.1. This court reviews "de novo the legal conclusions a district court reaches in order to apply an enhancement for purposes of calculating an advisory guidelines range . . . while the factual findings underpinning the enhancement are reviewed for clear error." *United States v. Battle*, 774 F.3d 504, 516 (8th Cir. 2014) (ellipsis in original). "[S]entencing judges are required to find sentence-enhancing facts only by a preponderance of the evidence." *United States v. Norwood*, 774 F.3d 476, 479 (8th Cir. 2014) (per curiam).

Jenkins is incorrect that *Alleyne*, *Apprendi*, and *Blakely* require the jury to find evidence supporting the sentencing enhancements beyond a reasonable doubt. Those cases require a jury to find beyond a reasonable doubt any fact that increases the

penalty beyond the prescribed statutory maximum, or increases the mandatory minimum. *See **United States v. Davis***, 753 F.3d 1361, 1361-62 (8th Cir. 2014) (per curiam) ("[A]pplication of a statutory maximum or minimum are to be distinguished from 'factfinding used to guide judicial discretion in selecting punishment within limits fixed by law.'" (*quoting **Alleyne***, 133 S. Ct. at 2161 n.2)). *See also **United States v. Jackson***, 782 F.3d 1006, 1013 (8th Cir. 2015). "Application of the § 2A1.1 cross-reference neither increases the penalty beyond the statutory maximum nor increases the mandatory minimum." ***Davis***, 753 F.3d at 1361 (internal citations omitted).

Jenkins also argues that there was insufficient sentencing evidence that she transferred the ammunition to her son and that death occurred. The court heard testimony linking Jenkins's transfer of ammunition to several homicides. According to the homicide investigator, Jenkins's daughter said that the family openly discussed the homicides among themselves. The court found that there was evidence Jenkins made the purchases for her son, at his request, and with his money. The court found that, when Jenkins gave her son the 9mm ammunition, she knew that he had killed three others with the 12-gauge ammunition, and that it was more likely than not that he planned to kill another with the 9mm ammunition. The court properly concluded, by a preponderance of the evidence, that ammunition purchased by Jenkins was transferred to her son resulting in four deaths.

* * * * * * *

The judgment is affirmed.

_____