# United States Court of Appeals

### For the Eighth Circuit

_____

No. 18-1594

_____

United States of America,

*Plaintiff - Appellee,*

v.

Joe Edger,

*Defendant - Appellant.*

_____

No. 18-1596

_____

United States of America,

*Plaintiff - Appellee,*

v.

Joe Edger,

*Defendant - Appellant.*

_____

Appeals from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: January 14, 2019
Filed: May 23, 2019

_____

Before SMITH, Chief Judge, COLLOTON and ERICKSON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Joe Edger pleaded guilty to unlawful possession of a firearm as a previously convicted felon and conspiracy to possess a firearm in furtherance of a drug trafficking crime. *See* 18 U.S.C. §§ 922(g)(1), 924(o). The district court[1] sentenced him to the statutory maximum term of 360 months' imprisonment, which was also the advisory guideline sentence. On appeal, Edger contends that the district court erred in applying a cross-reference in the advisory sentencing guidelines and by allowing the government to breach a plea agreement when it refused to move for a downward departure under the guidelines. We conclude there was no reversible error, and we therefore affirm.

Edger, a convicted felon, gave a nine-millimeter firearm to an acquaintance, Dwane Taylor, in exchange for Taylor's .22 caliber firearm. Edger understood that Taylor intended to use the nine-millimeter gun in connection with drug trafficking activity and to retaliate against a woman who had stolen property from Taylor. Taylor eventually used the firearm to kill that woman.

A grand jury charged Edger with unlawfully possessing the .22 caliber firearm as a convicted felon. A separate indictment charged Edger and Taylor with conspiracy to possess "one or more firearms" in furtherance of a drug trafficking

_____

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

crime, in violation of 18 U.S.C. § 924(o). Edger pleaded guilty to both charges, and the cases were consolidated for sentencing.

To determine a base offense level under the sentencing guidelines, the district court applied the cross-reference at USSG § 2K2.1(c)(1)(B). That provision states that if the defendant "transferred a firearm . . . cited in the offense of conviction with knowledge . . . that it would be used . . . in connection with another offense," and if "death resulted," then the court should apply the base offense level in "the most analogous offense guideline" concerning homicide. USSG § 2K2.1(c)(1)(B). The district court determined that because the nine-millimeter firearm formed the basis for Edger's conviction under § 924(o), and Edger transferred the firearm to Taylor with knowledge that he would use it to retaliate against a woman who supposedly had wronged him, the applicable guideline was USSG § 2A1.1 for first degree murder.

After applying the base offense level, applicable adjustments, and criminal history score, Edger's advisory guideline sentence was 360 months' imprisonment, the statutory maximum sentence. The government had promised conditionally to move for a downward departure as part of a plea agreement, but ultimately refused to file the motion after determining that Edger's post-agreement conduct made him ineligible. The district court then sentenced Edger in accordance with the advisory guidelines to a term of 360 months.

Edger first challenges the district court's application of the cross-reference under § 2K2.1(c)(1)(B). He complains that the nine-millimeter firearm that he transferred to Taylor was not "cited in the offense of conviction," so the district court should not have applied the cross-reference to the murder guideline. He argues that a firearm is not "cited in the offense of conviction" unless the indictment identifies the firearm by make, caliber, type, or some other characteristic. On this theory, since the count charging a violation of § 924(o) stated only that Edger and Taylor conspired to possess "one or more firearms," and did not specifically identify the nine-

-3-

millimeter firearm, the cross-reference under § 2K2.1(c)(1)(B) cannot apply. We review the district court's legal conclusion *de novo*. *See United States v. Jenkins*, 792 F.3d 931, 935 (8th Cir. 2015).

The guideline provides that the firearm must be "cited in the offense of conviction," not "cited in the indictment," so Edger's focus is too narrow. The "offense of conviction" is ultimately identified by code section in the judgment. But the phrase encompasses more broadly the offense conduct giving rise to the conviction, and the court may refer to the entire record of the case to determine whether a firearm is "cited" in the offense. "Cite" means "to bring to mind," "refer to," or "bring forward, mention, [or] call to another's attention." *Webster's Third New International Dictionary* 411 (2002). It is clear from the record as a whole that Edger was convicted of violating § 924(o) by conspiring to possess the nine-millimeter firearm that he transferred to Taylor. In establishing a factual basis for his guilty plea under § 924(o), Edger admitted that he knew Taylor was involved in drug trafficking, that he agreed to transfer the nine-millimeter firearm to Taylor, and that he understood that Taylor would use the firearm in connection with drug trafficking activities. The nine-millimeter firearm was therefore "cited in the offense of conviction," because the record refers to that gun as the basis for the § 924(o) conviction.

The commentary for § 2K2.1(c)(1)(B) further illuminates the meaning of "cited in the offense of conviction." The cross-reference applies where a defendant is convicted of unlawfully possessing a shotgun and used the same shotgun in connection with a robbery eight months earlier. USSG § 2K2.1, comment. (n.14(E)(i)). But where the defendant is convicted of unlawfully possessing a shotgun and used a *handgun* in connection with a robbery eight months earlier, the cross-reference does not apply, because the handgun was not "cited in the offense of conviction." *Id.* comment. (n.14(E)(ii)). The illustration's generic references to "shotgun" and "handgun" suggest that whether a firearm is "cited in the offense of

conviction" depends on whether the firearm formed the basis for the conviction, not whether the firearm was specifically identified in the charging document. *Accord United States v. Aberant*, 741 F. App'x 905, 908 (4th Cir. 2018) (per curiam). We therefore conclude that the district court did not err in calculating the advisory guideline sentence.

Edger's second argument is that the district court erred by allowing the government to breach the plea agreement when it refused to move for a downward departure under the guidelines. Edger failed to raise this claim in the district court, so we review for plain error. *United States v. Johnson*, 241 F.3d 1049, 1052 n.1 (8th Cir. 2001). To prevail, Edger must show that there was an obvious error that affected his substantial rights and seriously affected the fairness, integrity, or public reputation of judicial proceedings. *United States v. Olano*, 507 U.S. 725, 732-37 (1993). When a defendant's claim of error is subject to reasonable dispute, there is no plain error. *Puckett v. United States*, 556 U.S. 129, 135 (2009).

The plea agreement stated that as of the date of the agreement, Edger "ha[d] substantially assisted the government, and the government will file a motion for downward departure." But the agreement also enumerated actions that would render Edger's assistance non-substantial and relieve the government of its obligation to move for a downward departure:

> The defendant fully understands that the following renders any assistance encapsulated under this section non-substantial and permits the United States to refrain from making the aforementioned recommendation(s): Any violation by the defendant of any terms in this document, committing one or more new crimes, or *failing to provide fully truthful information during the course of the United States' on-going investigation*, including, but not limited to, at trial or any other court proceeding.

R. Doc. 103, at 10 (No. 18-1596) (emphasis added).

The district court did not overlook an obvious breach of the plea agreement. There was at least a reasonable dispute about whether Edger failed to provide fully truthful information during the course of the investigation. Edger had agreed to cooperate as a witness against Taylor. Yet there was evidence that several months after signing the agreement, Edger informed the government that he no longer wished to testify against Taylor. And the district court found that Edger was heard to say on jail recordings that "I'm going to say whatever I want," and that "I don't have to tell the truth because I'm telling the Government if I don't get what I want, they're not going to get what they want." Edger's declarations made it impractical to call him as a witness; his assertion that he did not have to tell the truth, along with his refusal to testify against Taylor, likely violated his agreement to provide fully truthful information in any court proceeding. The court did not plainly err by declining to declare *sua sponte* that the government breached the agreement.

The judgments of the district court are affirmed.

_____