# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-1548
_____

United States of America

*Plaintiff - Appellee*

v.

Paul Morales Castillo, also known as Paulo Morales Castillo

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Central

_____

Submitted: September 09, 2020
Filed: September 14, 2020
[Unpublished]

_____

Before GRUENDER, WOLLMAN, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Paul Castillo appeals after he pleaded guilty to a sex offense and the district court[1] imposed a sentence below the guidelines range. His counsel has moved to

_____

[1]The Honorable Stephanie M. Rose, United States District Court Judge for the Southern District of Iowa.

withdraw and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), challenging the substantive reasonableness of the sentence. Castillo has also filed a pro se brief.

We conclude that Castillo's statements at the plea hearing establish an adequate factual basis for conviction and that the plea was knowing and voluntary. *See Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997) ("[T]he defendant's representations during the plea-taking carry a strong presumption of verity."); *see also United States v. Cheney*, 571 F.3d 764, 769 (8th Cir. 2009) (stating that the record must contain sufficient evidence at the time of the plea upon which the court may reasonably determine that the defendant likely committed the offense). In addition, after carefully reviewing the record, we conclude that the district court did not abuse its discretion in sentencing Castillo, as the record indicates that the district court properly considered the 18 U.S.C. § 3553(a) factors. *See United States v. Salazar-Aleman*, 741 F.3d 878, 881 (8th Cir. 2013) (stating that under a substantive reasonableness review, the district court abuses its discretion if it "fails to consider a relevant factor," "gives significant weight to an improper or irrelevant factor," or "commits a clear error of judgment" in weighing the factors); *United States v. Gray*, 533 F.3d 942, 943-44 (8th Cir. 2008) (stating that this court presumes that district judges understand their obligation to consider the § 3553(a) factors, and if the district court references some § 3553(a) factors, this court is ordinarily satisfied that it was aware of them all).

Finally, we have independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), and find no nonfrivolous issues for appeal. Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment. *See* 8th Cir. R. 47B.

_____